S. W. KOONS v. G. M. LANGUM.[1]

November 18, 1904.

Nos. 14,209—(73).

**Regulation of Private School.**

A requirement by the proprietor of a business school attended by minors and others that teachers therein shall not frequent saloons in the vicinity of such school, where intoxicating liquors are sold, is, as a matter of law, a reasonable regulation. The submission of such question to a jury to determine is error.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying a motion for judgment notwithstanding the

[1] Reported in 101 N. W. 490.

verdict or for a new trial, after a trial and a verdict in favor of plaintiff for $155.62. Reversed.

*C. C. Joslyn,* for appellant.

Plaintiff knew of the rules of the school and his consent to them must be implied from his acceptance of the position as teacher. McLellan v. Board, 15 Mo. App. 362. In the employment of a teacher, there is the implied condition which authorizes his dismissal if circumstances arise which render him no longer able or fit to perform the duties of his position. Freeman v. Inhabitants, 170 Mass. 289; Tingley v. Vaughn, 17 Ill. App. 347; McLellan v. Board, supra.

The delicate nature of the duty of trustees to see to it that unfit persons are not put or kept in charge of children, forbids the idea of a trial in court. They must act upon moral convictions and upon evidences of unfitness that would not in the courts be such proof as would justify a verdict of guilt. People v. Board, 3 Hun, 181.

*Chas. G. Laybourn,* for respondent.

DOUGLAS, J.

Plaintiff recovered a verdict in the court below for a balance due upon an executory contract by the terms of which he agreed to teach telegraphy in a business school conducted by defendant. From an order of the municipal court of the city of Minneapolis overruling his motion for a new trial, defendant appeals.

As our conclusion leads to a reversal, we deem it important to consider but one of the questions presented. Defendant justifies an alleged discharge of plaintiff because of his conduct, and insists, among other defenses, that by a rule of such school both teachers and students were prohibited from frequenting saloons where intoxicating liquor was sold, under penalty of suspension or discharge, and that this rule was brought to the knowledge of the plaintiff at a date subsequent to the making of the contract sued upon, and by him violated. Evidence was offered tending to sustain this contention, and to show that plaintiff frequently visited saloons located in the vicinity of the school, and was seen to enter the same by a number of students.

The court charged the jury, in substance, that if they found such a

# 334

rule or regulation was established and brought to the attention of the plaintiff after the making of the contract sued upon, to justify such discharge because of its violation and constitute a defense to the action said rule must be a reasonable one; and submitted the question of its reasonableness to the jury for determination. In this the court erred. In our opinion, such a regulation is, as a matter of law, reasonable, and it becomes immaterial whether made before or after the contract sued upon was entered into. It appears from the record a large number of young men attended this school, many of whom presumably were minors. The right of the proprietor of a business college to direct that teachers employed therein shall not visit saloons in the vicinity of such schools, where their example in so doing is likely to have an injurious effect upon students, to us seems clear. It is admitted by plaintiff that he visited saloons in the vicinity of the school during the course of his employment, but he strenuously insists he did not do so after knowledge of this regulation. The jury may have found for the plaintiff either because they believed he did not violate the rule after a knowledge of its existence or for the reason that they found such regulation unreasonable. The reasonableness of the regulation was for the court to determine as a matter of law, and ought not to have been submitted to the jury. In other particulars referred to the court did not err.

Order reversed.