## LESTER A. MAIR v. SOUTHERN MINNESOTA BROADCASTING COMPANY.[1]

April 16, 1948.

No. 34,621.

*Harold A. Wright,* for appellant.
*James T. Spillane,* for respondent.

MAGNEY, JUSTICE.

Plaintiff sued defendant to recover $1,250, his agreed salary for two months, claiming that defendant had violated and breached its contract of employment with him. The court directed a verdict for plaintiff. Defendant appeals from the order denying its motion for a new trial.

Defendant owns and operates a radio broadcasting station with studios in Rochester and Owatonna, Minnesota. On August 1, 1945, defendant employed plaintiff as its general manager for a term of five years, at a fixed salary per year, with a bonus, depending upon the increased profits of the business. The contract is in writing. It states that the duties to be performed by the general manager are

[1]Reported in 32 N. W. (2d) 177.

those which usually appertain to such employment. After more than a year's operation of the business under plaintiff's management, the board of directors of the company was dissatisfied. The net income had decreased. The directors felt that the operating expenses were too high and that the income from the business was less than it should have been. On September 26, 1946, plaintiff received the following written order from the management:

"To Lester A. Mair:

"*The Board* of Directors *directs you to* appoint Maxine Jacobs, Assistant Manager of the Southern Minnesota Broadcasting Company, immediately, and *until further notice issue all orders through her* and contract for no expenditures without her approval. You are further directed to post notice of her appointment and authority as to execution of your orders on the bulletin board forthwith.

"Mrs. G. P. Gentling,
Chairman, Board of Directors,
Southern Minnesota Broadcasting
Co." (Italics supplied.)

Upon receipt of this order, plaintiff refused to continue with his work as long as the order was in effect. Defendant thereupon discharged him.

The trial court held that as a matter of law the order was unreasonable and directed a verdict as stated.

There is no evidence to show that plaintiff disobeyed any other order of the board of directors. The board was concerned about the diminishing net income from the operation of the radio station, and it took this method to try to improve the financial condition.

The rule relative to the duties of an employe is stated in Von Heyne v. Tompkins, 89 Minn. 77, 81, 93 N. W. 901, 903, 5 L.R.A. (N.S.) 524, as follows:

"Concededly, the relation of master and servant which existed between these parties cast certain duties upon the plaintiff, as the servant, which he was bound to fulfil and discharge; and the principal one was that of obedience to all reasonable orders of the de-

fendant, the master, not inconsistent with the contract. Disobedience of reasonable orders is a violation of law which justifies a rescission by the master of the contract of employment, and the peremptory discharge of the servant. * * *

"So, if the orders given by the defendant were reasonable, under the circumstances, the discharge was in accordance with law, and was justifiable. If, upon the other hand, the orders were unreasonable, the discharge was contrary to law, unjustifiable, and would not protect defendant in an action brought by plaintiff to recover the reasonable value of his services. The defendant, when contracting with plaintiff, did not abdicate his right to manage his own business; nor did he surrender his position as owner of the farm and of the personal property thereon. He still retained the right to control his own affairs in his own way, and any behavior of his servant in opposition or in violation of his reasonable orders and commands amounted to insubordination, which has always been held sufficient ground for the discharge of a servant."

The question, then, for determination is whether the order given plaintiff on September 26, 1946, was a reasonable order. If reasonable, it was his duty to obey, and his refusal to do so would justify defendant in discharging him. If unreasonable and inconsistent with the contract, his refusal to obey would be no justification for discharge. The board of directors has the right to manage the corporation, and when it gives an order the general manager must obey if it is a reasonable order.

Our discussion will center itself on the following part of the order given plaintiff by defendant: "The Board of Directors directs you to appoint Maxine Jacobs, Assistant Manager * * * immediately, and until further notice to issue all orders through her * * *." Plaintiff was employed as general manager of the company. There were no restrictions placed on him at the time of employment. His authority and duties were the usual ones that go with the position of general manager. Taking away his authority to issue orders directly was certainly inconsistent with his contract of employment and his position as manager. The authority previously vested in him

and his right to direct activities were taken away from him. The order in question was incompatible with his contract of employment. To the employes, to the public, and to defendant itself, he would be manager in name only.

In Cooper v. Stronge & Warner Co. 111 Minn. 177, 179, 126 N. W. 541, 27 L.R.A.(N.S.) 1011, 20 Ann. Cas. 663, where the manager of a sales department who had been employed as such was superseded by another, but she was requested to remain as a clerk at the same salary, the court said:

"* * * we * * * have concluded that, if the master deliberately enters into a contract providing for the employment of another as manager, the employee has a right to insist upon retaining that grade, in the absence of any showing which would justify the master in reducing the rank of the servant. The grade of the employment may have been the inducing cause for this contract."

In 35 Am. Jur., Master and Servant, § 35, the rule is stated:

"When an employee is engaged to fill a particular position in the service of his employer, any reduction of the rank or a material change in the duties of the employee is, in the absence of anything to justify the employer in so acting, a violation of the contract of employment and will form the basis of an action by the employee for damages for breach of contract."

In the instant case, plaintiff was permitted to retain the name of manager, but his authority and prestige were taken away from him. It is fair to assume that no one in the position of plaintiff would have accepted the employment with such restrictions.

In the Von Heyne case and in Koons v. Langum, 93 Minn. 332, 101 N. W. 490, we held that certain orders given by the master to the servant were reasonable as a matter of law, since there could be no other or different conclusion. In the Von Heyne case the court stated (89 Minn. 84, 93 N. W. 904):

"* * * we have found it impossible to conclude that there was any question of fact in relation to the reasonableness of the orders

or the dismissal to be submitted to the jury. * * * there can be no other or different conclusion, * * *."

See, Bang v. International Sisal Co. 212 Minn. 135, 4 N. W. (2d) 113, 141 A. L. R. 657.

So in this case there is no issue of fact for the jury. As to the reasonableness of the order, reasonable minds can come to but one conclusion. If so, it was for the trial court to determine as a matter of law. In making the determination that the order in question was unreasonable, it is our opinion that the trial court was clearly right.

Order affirmed.