SIGMON v. GOLDSTONE et al.

(Supreme Court, Appellate Division, First Department.  December 28, 1906.)

1. MASTER AND SERVANT—ACTS CONSTITUTING DISCHARGE.

No precise words are necessary to constitute a discharge of an employé; any language by which he is notified that his services are no ·longer required being sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 37.]

2. SAME—QUESTION FOR JURY.

Where plaintiff, who, with his attorney, interviewed his employer respecting friction existing between them, testified that the employer told both of them to get out of his place of business, and the attorney testified that the employer addressed a command to them "to get out of here," it was a question for the jury to determine whether or not the employer's language and conduct constituted a discharge of plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 57.]

3. SAME—RIGHT TO RECOVER FORFEIT.

Where a skilled employé was prevented from doing the work specified in his contract of employment, and was required to sit during working hours in a dark room, unemployed, though his salary was paid, there was a breach of the contract by the employers, entitling him to recover money retained by them under the contract as a guaranty of the faithful performance of his obligations, without regard to whether or not he had a further action for breach of ·contract because of a wrongful discharge.

Appeal from Trial Term, New York County.

Action by William Sigmon against Julius Goldstone and others. From a judgment of dismissal, plaintiff appeals.  Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Jacob Manheim, for appellant.
Jacob Rieger, for respondents.

HOUGHTON, J.  The plaintiff entered into an agreement in writing with the defendants, who are copartners, to serve them in the capacity of designer, pattern cutter, and foreman for the term of 21 months at a stipulated weekly salary.  The plaintiff continued in the

employ of the defendants for a little over 12 months, when, as he claims, the defendants wrongfully discharged him.   He brings this action for damages for such breach of hiring.   The defense is breach of the contract on the part of plaintiff, and that he voluntarily quit defendants' service.   The record discloses that for some weeks prior to the alleged discharge considerable friction existed between the plaintiff and the defendants, and, instead of permitting him to do the work for which he was hired, they compelled him to sit during working hours in a dark room unemployed.   This the plaintiff protested against, and consulted a lawyer, who waited upon the defendants at their place of business, and he and the plaintiff had an interview with one of the partners with respect to such alleged improper treatment.   The plaintiff testifies that at the close of this interview such partner told both himself and the lawyer to get out of defendants' place of business. Thereupon the lawyer told plaintiff to come with him and both departed.   On the same day plaintiff, through his attorney, by letter, notified the defendants that he tendered his services according to the contract.   No offer to take the plaintiff back was made.   The attorney who represented the plaintiff at the interview with defendants was sworn as a witness, and the learned trial court seems to have been led into the granting of a motion for nonsuit because the attorney would not swear positively that the command to get out of defendants' place of business was addressed specifically to the plaintiff.   The attorney did testify that the command "to get out of here" was addressed to both himself and the plaintiff.   The plaintiff, however, testified that the language was "both of you get out."   In view of the testimony of the plaintiff that the defendants had endeavored to induce him to abandon his contract for a small money consideration, and the friction that existed, and the apparent anger on the part of defendants that the plaintiff had consulted an attorney, we think it was clearly a question for the jury to say whether the command to get out of defendants' place of business was addressed to the plaintiff as well as to his attorney.

No precise words are necessary to constitute a discharge.   Any language by which an employé is notified that his services are no longer required is sufficient to operate as such.   Arnold v. Adams, 27 App. Div. 345, 49 N. Y. Supp. 1041; Coy v. Martin, 29 App. Div. 418, 51 N. Y. Supp. 962; Ryan v. Mayor, 154 N. Y. 328, 48 N. E. 512.   Whether the defendants did, or meant to, discharge plaintiff, or whether their language and conduct was such as to reasonably lead plaintiff to believe that he was discharged, was for the jury to determine from all the facts and circumstances.   By the contract in question the defendants retained in their hands $5 per week of plaintiff's wages as a guaranty of faithful performance on his part. There had been an adjustment of this deposit, but at the time of the alleged discharge there remained in the hands of the defendants the sum of $70.   Even if the plaintiff was not in fact discharged, as the record now appears, he would be entitled to recover this sum which he seeks by the second cause of action alleged in his complaint.   A servant may abandon his service because of a breach of any of the

express or implied provisions of his contract without liability for damages, as where the master assaults him or refuses to pay his wages as agreed, or requires him to perform services not contemplated by his contract of hiring, or does any act, or is guilty of any negligence prejudicial to the morals, reasonable comfort, safety, health, or reputation of the servant, which is in violation of the provisions of the contract of hiring, express or implied. Wood, Law of Master & Servant (2d Ed.) § 148. The contract between plaintiff and defendants was that he should serve in the capacity of designer and cutter and foreman of defendants' manufacturing establishment at a salary comparatively large. In order thereafter to command this salary or a higher one, plaintiff must continue to be skillful and to enjoy a reputation for skill. It was one of the implied covenants of plaintiff's contract that he should be permitted to labor in the manner specified. It was a breach of this covenant for the defendants, without cause, to prohibit the plaintiff from doing any work and to shut him up in a dark room doing nothing, notwithstanding they continued to pay his weekly salary. This breach on the part of defendants entitled the plaintiff, prima facie, to recover the $70 in their hands, irrespective of whether or not he had any further action for breach of contract because of a wrongful discharge.

A nonsuit was therefore improper, not only on the ground that it was a question for the jury as to whether or not plaintiff had been discharged, but because plaintiff showed that there had been a breach on the part of defendants sufficient to relieve him from damages under his contract of hiring, whether he was discharged or not.

Upon both issues the plaintiff showed sufficient facts to put the defendants to their proofs, and the judgment must therefore be reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.