DAVID W. WALLACE and EDWARD E. TROST, Copartners Doing Business under the Firm Name and Style of WALLACE & TROST, Plaintiffs, v. MAURICE E. KRANZ, Defendant.*

Supreme Court, Erie County, February 16, 1929.

* Affd., 226 App. Div. 125.

Merritt N. Baker, for the plaintiffs.

Saperston, McNaughtan & Saperston [Daniel N. McNaughtan, Alfred M. Saperston and Richard H. Wile of counsel], for the defendant.

PIERCE, J. Prior to the 29th day of March, 1928, the defendant was in the employ of the plaintiffs, and on that date the parties hereto entered into a written contract, wherein and whereby the plaintiffs agreed to employ the defendant and he agreed to serve the plaintiffs for the term of one year from March 1, 1928, at the yearly salary of $4,800, payable semi-monthly. In and by said agreement it was provided that in the event of discharge, the party of the first part would pay to the party of the second part one month's salary; and further " that upon the termination of said employment, whether during, at the end or after the stipulated term hereof, party of the second part will not engage, whether on his own account or in the employ or service of another, as a security trader within the said County of Erie for a period of three calendar months after such termination." Some differences arose between the parties, and it is the claim of the defendant that he was discharged and, therefore, the terms and conditions of the contract are not enforcible by the plaintiffs.

During the course of the employment the plaintiffs learned that the defendant was contemplating engaging in business on his own account or in company with others than the plaintiffs, and they called him to the office and interviewed him upon that subject, and learned from him that he had been considering such a step after the termination of his contract with them; that he refused to negotiate for further employment by the plaintiffs; that he was told they would pay him the $400 stipulated in the contract of employment and terminate the contract, which was refused by the defendant. He was then told that he could go to New York and work in the office of the plaintiffs, which he refused. He was then told that the plaintiffs did not desire him to come to the office, but that

the plaintiffs would continue to make the semi-monthly payments, as provided in the contract, which they have at all times been ready and willing to do. The defendant declined any of these offers and claims the right to engage in business in the county of Erie before the expiration of the three months' period after the termination of the contract, or after March 1, 1929. To restrain such action on his part the plaintiffs procured an injunction, and ask in this action that such injunction continue, and that the defendant be restrained from engaging in business as a security trader in the county of Erie for three months after March 1, 1929.

I am inclined to the belief that the plaintiffs are entitled to such relief. The nature of the plaintiffs' business is such that opposition by the defendant, or any one having an intimate knowledge of their business, would work great damage. The parties evidently recognized that fact in making the contract and provided for a period of three months during which the defendant would not engage in business. The defendant has not been required to do any work or perform any service for the plaintiffs contrary to the contract of employment. He had no contingent or other interest in the plaintiffs' business beyond his semi-monthly salary, which cannot be increased or diminished, and which amount has been or will be paid if the defendant will accept it.

In the case of *Marks* v. *Cowdin* (226 N. Y. 138), cited by defendant, the plaintiff was required to perform work other than that for which he was employed, and upon his refusal was discharged. And in the case of *Sigmon* v. *Goldstone* (116 App. Div. 490), also cited by defendant, the court was considering the question of a nonsuit which was granted by the trial court, and all that was decided was that there was a question of fact for the jury, and that in any event the plaintiff was entitled to a judgment for the amount of a deposit made with the defendants by the plaintiff. The defendant in this case has not and cannot suffer any pecuniary damages. The plaintiffs are simply asking that he refrain from engaging in the business as a security trader for three months after the termination of the contract of employment, which he agreed to.

The plaintiffs are entitled to judgment restraining the defendant from so engaging in business, but under the circumstances I think that the judgment should be granted, without costs to either party as against the other.