[Civ. No. 9428. Second Appellate District, Division Two.—March 4, 1935.]

ANT. C. ZVOLANEK, Respondent, v. BODGER SEEDS, LTD. (a Corporation), Appellant.

Denio, Hart, Tàubman & Simpson and Matthew C. Simpson for Appellant.

Heaney, Price & Postel and Clarence A. Rogers for Respondent.

WILLIS, J., *pro tem.*—Defendant has appealed from a judgment awarding damages for injuries to land and sweet peas situated thereon, resulting from flooding by water through the negligent acts of the defendant.

Plaintiff alleged that defendant so negligently flooded its lands in process of irrigation that water ran into and over

the land of plaintiff and the sweet peas situated thereon, and "damaged the said land and sweet peas thereon to the amount of five thousand five hundred dollars". At the trial it developed that the sweet peas so injured were special experimental varieties propagated and cultivated over a period of successive years to the end that new and special varieties of sweet peas might be produced in quantities sufficient to make seed for market uses, but which at the time of injury had not reached the stage where any market value had attached to seeds produced therefrom. Over defendant's objection plaintiff was permitted to give testimony as to the amount of ground space occupied by these special varieties, as to the method of producing them as hybrids by means of a cross-pollination, as to the manner of raising them, the amount of time expended during the preceding years from first cross-pollination to date, the value of the time so expended, the rental value of the land used for producing such specialties and the value to plaintiff of the seed lost by reason of the flooding. The ground of objection to the admission of such evidence in each instance was founded on the proposition that such testimony was evidence of special damages and not admissible because special damages were not pleaded in the complaint. On this appeal this point is presented, and in addition it is contended that such proof, regardless of the character of the pleading of damages, was not admissible because it related to elements of damage too remote and speculative to sustain the judgment of $1,000 entered herein.

█ Damages are either general or special. Damages which necessarily result from the act complained of are denominated general damages, and may be proved under the *ad damnum* clause or general allegation of damage; while those which are the natural consequence of the act complained of, and not the necessary result of it, are termed special damages. █ Special damage must be specially set forth in the complaint or the plaintiff will not be permitted to give evidence of it at the trial. (*Treadwell* v. *Whittier*, 80 Cal. 574 [22 Pac. 266, 13 Am. St. Rep. 175, 5 L. R. A. 498].) █ The measure of damages arising from tort, such as the one herein pleaded, is the amount which will compensate for all detriment proximately caused thereby whether it could be anticipated or not. (Civ. Code, sec. 3333.) █ The damage alleged herein was that which

necessarily resulted from the flooding of the land and the sweet peas thereon. The sweet peas were shown by evidence to have been special varieties or specialties in process of development to a future status which would be productive of seed with market value. Damage to a special variety of sweet peas is not necessarily special damage. Damage may necessarily flow from injuries to a special variety, having no present market value, the same as from injuries to a common variety with provable market value. In the case at bar the damage sought to be recovered is the general damage to a growing crop and the seeds thereof, which had no present market value. To prove such damage required evidence of the different elements which, singly or in combination, represented the value of the crop destroyed by the acts complained of, in the condition it was at the time of injury or destruction. (*Shoemaker* v. *Acker,* 116 Cal. 239 [48 Pac. 62]; *Teller* v. *Bay & River Dredging Co.,* 151 Cal. 209 [90 Pac. 942, 12 Ann. Cas. 779, 12 L. R. A. (N. S.) 267].) ▪ In cases where property destroyed or lost has no market value, while there may be no rule which will be absolutely certain to do justice between the parties, it does not follow, nor is it the law, that plaintiff must be turned out of court with nominal damages merely. ▪ Where the article or thing is so unusual in character that market value cannot be predicated on it, its value, or plaintiff's damages, must be ascertained in some other rational way from such elements as are attainable, such as the difficulty and expense to which plaintiff was put in acquiring the property, the nature and character of the use to which it was put by him, and the like. All these elements being shown, the value is to be determined by the court or jury by the exercise of a sound discretion. (*Willard* v. *Valley Gas & Fuel Co.,* 171 Cal. 9 [151 Pac. 286]; *Hoffman* v. *Eastman Kodak Co.,* 99 Cal. App. 436 [278 Pac. 891].) ▪ The course pursued by respondent in producing proof of damage by the questions objected to was in harmony with these rules. Each item sought to be proved related to a loss necessarily resulting from the flooding, and no error was committed in admitting the evidence objected to, excepting, however, the last question and ruling excepted to, relating to the value to respondent of seed lost. ▪ The question was: "What was the value to you of the seed lost on this acre and a half of ground on August 12, 1930?" This amounted to an at-

tempt to prove "peculiar" value. Section 3355 of the Civil Code provides that the peculiar value of property to the person recovering damages for deprivation thereof, or injury thereto, may be deemed its value against one who had notice thereof before incurring a liability for damages in respect thereof, or against a wilful wrongdoer. Herein there was no proof of notice to appellant of such peculiar value, nor that appellant was a wilful wrongdoer. And this section deals with property which has a market value and also a peculiar value to the owner, and not with property having no market value. (*Willard* v. *Valley Gas & Fuel Co., supra.*) Hence it was error to admit evidence of such peculiar value as the value or damage which respondent was entitled to recover. The answer given was "$20,000.00". The court found that the damage amounted to $1,000. It is quite patent that the question and answer as to the value to respondent did not affect the court's estimate of damages based on the other elements of value which were established by evidence. After an examination of the entire cause, including the evidence, we are of the opinion that the error in admitting the evidence of the value to respondent of the seed lost has not resulted in any prejudice to appellant nor in a miscarriage of justice. (Const., art. VI, sec. 4½.) The evidence showing the amount and value of the time devoted over the six-year period to development of these special varieties reveals by computation that the loss suffered by plaintiff in that respect alone exceeds the amount awarded by the court.

For the reasons above given it must also be held that there is no merit in the contention that the evidence admitted over the other objections above referred to related to elements too remote and speculative to justify its admission. Such evidence all related to definite elements of loss sustained.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.