[Civ. No. 21588. First Dist., Div. One. Feb. 4, 1965.]

ROBERT COLVIG, Plaintiff and Appellant, v. RKO GENERAL, INC., Defendant and Respondent.

60

Jerome Berg for Plaintiff and Appellant.

Youngman, Hungate & Leopold, Richard Hungate and David E. Lindgren for Defendant and Respondent.

MOLINARI, J.—This is an appeal from a judgment entered after the sustaining of a demurrer to the complaint without leave to amend.

### The Record

The complaint, entitled "Complaint For Damages For Intentional Tort," names as defendants RKO General, Inc. (hereinafter sometimes referred to as RKO); Radio Station KFRC (hereinafter referred to as KFRC), and 10 defendants sued under the fictitious names of Doe One to Doe Ten, and alleges: That plaintiff was on May 29, 1962, a third-party beneficiary to a contract between defendants RKO, KFRC and Does One to Four and the American Federation of Television and Radio Artists; that prior to said date plaintiff had been terminated from employment by defendants as a staff announcer at KFRC; that on said date defendants were ordered to restore plaintiff to such position by an arbitration award made pursuant to said contract; that the award "recognized that plaintiff had 'a right to practice his profession there' "; that defendants paid all salary due and thus complied with part of said award, but they "tortiously failed and refused to broadcast plaintiff's voice over the radio waves"; that "defendant's conduct was intended to and did deprive plaintiff of a personal right which had been fixed by that said award to practice his profession there"; and that as a "proximate result of [said] . . . conduct, plaintiff has been damaged in his profession by not being able to be and remain known to the public as a radio announcer to his detriment" in the sum of $250,000.

Defendant RKO, alleging that it is the owner and operator

of KFRC, demurred generally and specially to the complaint. The demurrer was sustained, without leave to amend, upon the following specific grounds urged in said demurrer, to wit: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that there is another action pending in said court between the same parties for the same cause; and (3) that in view of the fact that this action involves the same controversy which was the subject of the confirmation of an arbitration award in proceeding number 522575 of said court, the court did not have jurisdiction to hear the matter under Code of Civil Procedure section 1292.6.[1] A judgment of dismissal was thereupon ordered and entered, and this appeal ensued.

## The Cause of Action

The preliminary question to be decided by us is whether the complaint states a cause of action, since the determination of the other two grounds of demurrer hinges upon the determination of this question. ■ Looking at the complaint within the confines of its four corners we find it alleges essentially that pursuant to an arbitration award plaintiff was restored to his position as a staff announcer; that said award recognized that plaintiff had a right to practice his profession at KFRC; and that, while defendants paid plaintiff the salary due under said award, they intentionally and tortiously refused to permit him to practice his profession over the radio waves, thus causing him to lose his popularity as a radio announcer. While the complaint does not, on its face, disclose that the subject award was confirmed in action No. 522575 in the same court, the court below was entitled to take judicial notice of such other action since it was appropriately drawn to its attention.[2] ■ Courts take judicial notice of the public and private official acts of the judicial departments in this state where such acts are appropriately drawn to the attention of the court taking such notice. (*Flores* v. *Arroyo*, 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263]; § 1875, subd. 3.) ■ Accordingly, in considering the sufficiency of the complaint, the trial court was not restricted to the matters appearing on the face of the complaint, but was entitled to read into it all matters of which it took judicial notice.

---

[1]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

[2]Said award was called to the attention of the court by both parties in their respective points and authorities.

64

(*Flores* v. *Arroyo, supra,* pp. 496-497; *Weil* v. *Barthel,* 45 Cal.2d 835, 837 [291 P.2d 30]; *American Distilling Co.* v. *Johnson,* 132 Cal.App.2d 73, 77 [281 P.2d 598].) ■ It is also well settled that where facts judicially noticed are contrary to those alleged in the complaint, the former must be regarded as true. (*Chavez* v. *Times-Mirror Co.,* 185 Cal. 20, 23 [195 P. 666]; *American Distilling Co.* v. *Johnson, supra,* p. 77.) ■ A reviewing court, furthermore, "can properly take judicial notice of any matter of which the court of original jurisdiction may properly take notice." (*Varcoe* v. *Lee,* 180 Cal. 338, 343 [181 P. 223]; *People* v. *Stralla,* 14 Cal.2d 617, 620 [96 P.2d 941]; *Ward Mfg. Co.* v. *Miley,* 131 Cal. App.2d 603, 608-609 [281 P.2d 343].)

■ Turning to the pertinent portions of the subject arbitration award, which was confirmed and a judgment entered thereon in action No. 522575,[3] we ascertain the arbitrator found that under the collective bargaining agreement under consideration it was contemplated by the parties that plaintiff was entitled not only to pecuniary compensation, but

[3]San Francisco Superior Court Action No. 522575 consists of a "Petition to Confirm Arbitrator's Award" filed on June 14, 1962, and an "Order and Judgment" filed on June 27, 1962, confirming the arbitrator's award. The petition alleged that RKO, on March 30, 1961, entered into a written collective bargaining agreement with the American Federation of Television and Radio Artists, referred to as AFTRA, governing the wages and terms of employment of employees represented by AFTRA; that said agreement, a copy of which was attached to the petition, provided for the submission of disputes to arbitration if the parties are unable to settle such disputes amicably; that a dispute arose between plaintiff, an employee represented by AFTRA, and defendant concerning defendant's refusal to employ plaintiff after January 27, 1962, which dispute was submitted to a sole arbitrator pursuant to said agreement; that after an arbitration hearing the arbitrator made his award on May 29, 1962, providing that plaintiff be restored to his position of staff announcer and that defendant continue to keep him in that position until the termination of said agreement; that thereafter, on June 8, 1962, defendant advised AFTRA that plaintiff had been reinstated with back pay as a staff announcer without a specific assignment of broadcast duties and that his compensation was being reduced to " 'contract minimum' "; that despite the provision in the award that defendant recognize and observe that plaintiff " 'has a right to his position as a staff announcer at Radio Station KFRC, and a right to practice his profession there,' " defendant refused to allow plaintiff to practice his profession as a staff announcer at such radio station; and that contrary to the said award defendant reduced by $1,000 the amount of annual salary to which plaintiff was contractually entitled. The petition, praying for a confirmation of the award and for judgment against defendant in conformity with said award, came on for hearing in the superior court, and upon the presentation of documentary evidence and the submission of the matter, the court ordered that the award of the arbitrator be confirmed and made its judgment that the parties comply with said award.

also, as a highly paid professional man, to the opportunity to maintain and improve his professional skills by practicing them, and that he had "a right to his position as a staff announcer at Radio Station KFRC, and a right to practice his profession there." After the making of such finding, the arbitrator declared his decision that plaintiff be restored "to his position of staff announcer for Radio Station KFRC" and that RKO "continue to keep him in that position until the termination of the contract. . . ."

It should be here pointed out that a judgment confirming an arbitrator's award has the same force and effect, and is subject to all the provisions of law relating to a judgment in a civil action, and it may be enforced like any other judgment. (§ 1287.4.) It is also a fundamental legal concept that a judgment is a contract upon which the parties may maintain a separate action between themselves. (*Miller* v. *Murphy,* 186 Cal. 344, 347 [199 P. 525]; *Jones* v. *Union Oil Co.,* 218 Cal. 775, 778 [25 P.2d 5]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.,* 181 Cal. 460, 465 [184 P. 864]; *Weaver* v. *City & County of San Francisco,* 146 Cal. 728, 732 [81 P. 119]; 28 Cal.Jur.2d, Judgments, § 2, p. 611; and see *Schwartz* v. *California Claim Service,* 52 Cal.App.2d 47, 54 [125 P.2d 883].)

The interpretation of a judgment, insofar as its meaning is concerned, is governed by the same rules which apply in ascertaining the meaning of any other writing. (*Estate of Careaga,* 61 Cal.2d 471, 475 [39 Cal.Rptr. 215, 393 P.2d 415]; *Los Angeles Local etc. Board* v. *Stan's Drive-Ins, Inc.,* 136 Cal.App.2d 89, 94 [288 P.2d 286].) It is the general rule that the language of a writing governs its interpretation, if the language is clear and explicit, and does not involve an absurdity. (*Estate of Careaga, supra,* p. 520; Civ. Code, § 1638.) We are satisfied that in the instant case no ambiguity exists in the judgment and that the clear and explicit meaning of the judgment confirming the arbitration award is that plaintiff was not only entitled to be restored to his position at the remuneration provided therefor, but that he was also to be restored to the duties and functions of the position of staff announcer. Any breach or infringement of the rights established by a judgment gives rise, under applicable legal principles, to a cause of action. The essence of a cause of action is the existence of a primary right and one violation of that right, i.e., it arises out

of an antecedent primary right and corresponding duty, and a breach of such primary right and duty by the person upon whom the duty rests. (*Shell* v. *Schmidt,* 126 Cal.App.2d 279, 291 [272 P.2d 82] ; *Smith* v. *Minnesota Mut. Life Ins. Co.,* 86 Cal.App.2d 581, 590 [195 P.2d 457] ; *Stryker* v. *Republic Pictures Corp.,* 108 Cal.App.2d 191, 195 [238 P.2d 670] ; *Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53] ; *Work* v. *County Nat. Bank etc. Co.,* 4 Cal.2d 532, 540 [51 P.2d 90] ; *Wulfjen* v. *Dolton,* 24 Cal.2d 891, 895 [151 P.2d 846].) The primary right and duty and the delict or wrong constitute the cause of action in the legal sense. (*South Shore Land Co.* v. *Peterson,* 226 Cal.App.2d 725, 740 [38 Cal.Rptr. 392] ; *Smith* v. *Minnesota Mut. Life Ins. Co., supra,* p. 590.) ▮ ''The cause of action is simply the obligation sought to be enforced.'' (*Panos* v. *Great Western Packing Co.,* 21 Cal. 2d 636, 638 [134 P.2d 242] ; *Eichler Homes of San Mateo, Inc.* v. *Superior Court,* 55 Cal.2d 845, 847 [13 Cal.Rptr. 194, 361 P.2d 914].) ▮ All that is necessary as against a general demurrer is that, upon a consideration of all the facts stated, it appears the plaintiff is entitled to *any* relief at the hands of the court against the defendant, notwithstanding the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown or although the plaintiff may demand relief to which he is not entitled under the facts alleged. (*Gressley* v. *Williams,* 193 Cal.App.2d 636, 639 [14 Cal.Rptr. 496].)

▮ We are of the opinion that in the light of these principles the complaint in the instant case states a cause of action. It alleges a primary right in plaintiff that he be restored to his position of staff announcer and that he be permitted to practice his profession as such announcer, and a breach or infringement of that right by defendant. Although we have found no California case specifically holding that facts such as are alleged in the instant case state a cause of action, we are persuaded, upon a consideration of common law principles applicable to the relationship of employer and employee, that a violation or breach of a primary right has been herein alleged. ▮ As a general rule an employer does not have the duty to provide work for his employee but may utilize his employee's services, when and how he chooses, so long as he pays the employee the agreed-upon salary. An exception to this rule exists where the employee's reputation will suffer if he is not allowed to practice his profession. The rationale of this exception is that the parties are deemed to

have contracted on the assumption that the employee was to be given opportunities for the exercise of his abilities during a reasonable portion of the period covered by the contract. (35 Am.Jur., § 115, p. 542.) In the Restatement Second of Agency, section 433, we find this statement: "If the agent's compensation is not dependent upon the amount of work done, as where he is to receive a fixed salary, a promise by the principal to furnish him with work is inferred from a promise to employ only if it is found that the anticipated benefit to the agent from doing the work is a material part of the advantage to be received by him from the employment. This anticipated benefit may be the acquisition of skill or reputation by the employee or the acquisition of subsidiary pecuniary advantages, as in the case of the employment of public performers whose reputation will be enhanced by their appearance or diminished by their failure to appear. . . ." (P. 313.)

With respect to cases in other jurisdictions, we find an application of the foregoing principles in several cases. In some of these, the facts involved situations in which the employee was assigned lesser duties than those specified in the employment contract (*Clayton & Waller Ltd.* v. *Oliver* (England 1930) A.C. 209 (an actor who had been hired to perform a lead role was assigned to a secondary role) ; *Mair* v. *Southern Minnesota Broadcasting Co.*, 226 Minn. 13 [32 N.W.2d 177, 4 A.L.R.2d 273] (a radio station manager, although permitted to retain his title and salary, was divested of most of his managerial duties) ) ; in others, the employee was assigned no duties at all (*McLaughlin* v. *Union-Leader Corporation*, 99 N.H. 492 [116 A.2d 489] (advertising manager was put on an indefinite leave of absence with pay) ; *Sigmon* v. *Goldstone*, 116 App.Div. 490 [101 N.Y.S. 984] (clothes design-cutter, although paid a salary, was prevented from working at his job) ). In *Sigmon*, the court, in affirming the right of the employee to recover for breach of the contract of employment, made the following statement: "The contract between plaintiff and defendants was that he should serve in the capacity of designer and cutter and foreman of defendants' manufacturing establishment at a salary comparatively large. In order thereafter to command this salary or a higher one, plaintiff must continue to be skillful and to enjoy a reputation for skill. It was one of the implied covenants of plaintiff's contract that he should be permitted to labor in the manner specified." (P. 986 [101 N.Y.S.].)

 Adverting once again to the instant case, in the light

of the foregoing principles, it is clear to us that the facts pleaded in the instant case are such as to come within the purview of the exception to the general rule. From the facts pleaded, although somewhat ineptly, it can be gleaned that under his contract of employment, plaintiff, as a highly paid professional man, was to be given the opportunity to exercise his abilities, an anticipated benefit of which was the acquisition of a reputation in the public eye which would be enhanced by his appearance through the media of the radio waves and diminished by his failure to make such appearance. To hold otherwise would be tantamount to saying that as a matter of law plaintiff cannot fit into the category of employees coming within the exception to the general rule. Such a conclusion cannot be reached herein upon the facts pleaded.

We are satisfied that although the allegations of the complaint purport to sound in tort, and defendants not parties to the subject award are joined with RKO, insofar as this demurring defendant is concerned, the complaint states a cause of action against it for breach of contract. It is the rule, moreover, that a general demurrer should not be sustained if the complaint, liberally construed, states a cause of action on any theory. (*Lloyd* v. *California Pictures Corp.*, 136 Cal.App.2d 638, 643 [289 P.2d 295] ; *Covo* v. *Lobue*, 220 Cal.App.2d 218, 221 [33 Cal.Rptr. 828].)

We find no merit, moreover, in the contention that an interpretation of the arbitrator's award, so as to require defendant to allow plaintiff to practice his profession, is in violation of federal law because it would take away from defendant the right of control over its broadcasts which such law requires it to exercise. We have examined those portions of federal law which defendant cites in support of its contention and we find no inconsistency between plaintiff's right to engage in the duties of his profession and the degree of self-control imposed upon radio stations by federal law.[4]

Nor is there any merit to the contention that the complaint lacks sufficient allegations of damages. It is the general rule that if the allegations of a complaint demurred to set forth a legal right on the part of the plaintiff, a wrongful violation of that right by the defendant and damages proximately resulting therefrom, a cause of action is stated, and it is not

[4] 47 U.S.C.A., § 303, subd. (m), (giving the Federal Communications Commission authority to suspend a radio station's license for certain transmissions). 47 C.F.R., § 3.135 (prohibiting license of a station which has a network contract prohibiting the station from rejecting network programs). (Now § 73.135.)

necessary to point out in detail in the pleadings the nature and extent of such damages unless special damages are claimed. (*Armstrong* v. *Adams*, 102 Cal.App. 677, 682 [283 P. 871].)

 "Damages which may be said to be the normal and natural result of the breach complained of may be denominated general damages and pleaded accordingly, while those suffered as a consequence, though not necessarily the certain result of the breach, must be pleaded specially." (*Brunvold* v. *Johnson*, 36 Cal.App.2d 226, 230 [97 P.2d 489]; *Zvolanek* v. *Bodger Seeds, Ltd.*, 5 Cal.App.2d 106, 108 [42 P.2d 92].)

 Accordingly, the natural and ordinary damages resulting from a breach of contract may be recovered under a general allegation of damages. (*McLaughlin* v. *McLaughlin*, 17 Cal.App. 699, 702 [121 P. 704]; *Brunvold* v. *Johnson, supra*, p. 230; see Civ. Code, § 3300.) The question as to how general damages from the breach of a contract have arisen otherwise than as disclosed by the general allegation of damages, is the subject of evidence, rather than pleading. (*Lillie* v. *Weyl-Zuckerman & Co.*, 45 Cal.App. 607, 609 [188 P. 619]; *Armstrong* v. *Adams, supra*, p. 682.) Special damage, however, must be specially set forth in the complaint or the plaintiff will not be permitted to give evidence of it at the trial. (*Zvolanek* v. *Bodger Seeds, Ltd., supra*, p. 108; *Shook* v. *Pearson*, 99 Cal.App.2d 348, 351-352 [221 P.2d 757].)

 The complaint in the instant case, in the light of these rules, satisfies the requirement with respect to general damages. It suffices as a basis for all damages that will compensate plaintiff for the detriment proximately caused by the alleged breach or which in the ordinary course of things is likely to result therefrom. We do not think that such general damages are, as claimed by defendant, necessarily restricted to plaintiff's salary. It may well be that under the evidence plaintiff may be able to show other damages which are the normal and natural result of the breach complained of.

 Insofar as the allegation of damages in the instant complaint may purport to be a claim for special damages it is clearly deficient. Such deficiency is vulnerable to special demurrer, and it was so attacked by RKO in the present case. However, no ruling was made thereon in view of the trial court's determination that the complaint did not state a cause of action. We are satisfied, moreover, that, were it not for its conclusion with respect to liability, the trial court would not have sustained the demurrer without leave to amend merely because of a defect in pleading damages in view of

the well-established rule that, even where the defect is one of substance, a demurrer should not be sustained without leave to amend if there is a possibility that subsequent amendments will supply omitted allegations and the plaintiff has not had a fair opportunity to so amend. (*Loper* v. *Flynn,* 72 Cal. App.2d 619, 623-625 [165 P.2d 256]; *Covo* v. *Lobue, supra,* 220 Cal.App.2d 218, 221.)

### Another Action Pending

 Having concluded that the complaint states a cause of action, we proceed to discuss whether there is another action pending between the same parties for the same cause within the meaning of subdivision 3 of section 430.[5] This ground of demurrer is a plea in abatement, also sometimes called a dilatory plea. Such a plea does not challenge the plaintiff's claim on the merits, but merely objects to the particular proceeding to enforce it. (2 Witkin, Cal. Procedure, § 553, p. 1551; see *Nevills* v. *Shortridge,* 146 Cal. 277, 278 [79 P. 972].) For this reason a plea in abatement is said to be "disfavored." (*Lord* v. *Garland,* 27 Cal.2d 840, 848 [168 P.2d 5]; *Bollinger* v. *National Fire Ins. Co.,* 25 Cal.2d 399, 406 [154 P.2d 399].)

 With respect to the plea that there is another action pending, the underlying theory is that the first action will normally be an ample remedy, and that the second action is therefore unnecessary and vexatious. (2 Witkin, Cal. Procedure, § 557, p. 1556; *Wulfjen* v. *Dolton, supra,* 24 Cal.2d 891, 896.)

 In order to sustain the plea of another action pending it is essential that it shall appear: (1) That both suits are predicated upon the same cause of action; (2) that both suits are pending in the same jurisdiction; and (3) that both suits are contested by the same parties. (*Hanrahan* v. *Superior Court,* 81 Cal.App.2d 432, 435 [184 P.2d 157];

[5]In the instant case, as indicated by the order sustaining the demurrer, the trial court properly took judicial notice of action No. 522575, pursuant to § 433, which in pertinent part provides as follows: "[W]hen the ground of demurrer is that there is another action pending between the same parties for the same cause, the court may take judicial notice of other actions and proceedings pending in the same court . . . and for this purpose only an affidavit may be filed with the demurrer to establish such fact or invoke such notice." In the instant case a declaration accompanied the demurrer alleging that the American Federation of Television and Radio Artists had filed a petition on behalf of plaintiff to confirm an arbitrator's award in action No. 522575 and that said award, which was therein confirmed by the court "involved the same breach of the collective bargaining agreement, for which plaintiff in this action is seeking damages."

*Hilton* v. *Reed,* 46 Cal.App.2d 449, 454 [116 P.2d 98]; *Tinney* v. *Tinney,* 211 Cal.App.2d 548, 552 [27 Cal.Rptr. 239]; *Lord* v. *Garland, supra,* p. 848.) ▆ Where the plea is sustained the order should be merely an abatement or continuance of the second action, and it is error to give judgment for the defendant on the merits. (*Conner* v. *Bank of Bakersfield,* 174 Cal. 400, 404 [163 P. 353]; *Hagan* v. *Fairfield,* 194 Cal. App.2d 240, 247 [16 Cal.Rptr. 14].) ▆ In the instant action, assuming *arguendo* that it is subject to abatement, it is clear that the trial court erred insofar as it purported to render a judgment of dismissal on the ground that another action was pending. The only relief to which a litigant is entitled upon the plea, whether by demurrer or answer, is that the second action abate. (*Lord* v. *Garland, supra,* p. 851; *Hagan* v. *Fairfield, supra,* p. 247.)

▆ Turning to the propriety of the trial court's ruling we must first determine whether action No. 522575 is still pending, since a demurrer on the ground of another action pending will not be sustained if the former action is no longer pending. (*National Auto. Ins. Co.* v. *Winter,* 58 Cal.App.2d 11, 16 [136 P.2d 22].) ▆ It is established by the statutory and decisional law in this State that an action commenced, tried and pursued to judgment is deemed to be pending only from the time of its commencement until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied. (§ 1049; see § 405 (action commenced by filing complaint); *Estate of McDonald,* 37 Cal.App.2d 521, 526 [99 P.2d 1115]; *Ex parte Joutsen,* 154 Cal. 540, 543 [98 P. 391].) ▆ It should be here noted that the order confirming the arbitrator's award is appealable. (§§ 1287.4, 1294; *Thriftimart, Inc.* v. *Superior Court,* 202 Cal. App.2d 421, 424 [21 Cal.Rptr. 19].) ▆ Adverting to the instant case in the light of these rules we find that when the present action was filed on April 12, 1963 the judgment confirming the arbitrator's award in the former action, which was filed and entered on June 27, 1962, had become final, no appeal having been taken and the time for appeal therefrom having passed. Where the first action is concluded by judgment or dismissal before the second action is commenced, the plea of another action pending is untenable. (2 Witkin, Cal. Procedure, § 558, pp. 1558, 1559; see *Collins* v. *Ramish,* 182 Cal 360, 368 [188 P. 550].)

▆ Defendant contends, however, that because of the provisions of section 1292.6 which was added to the title on

arbitration (§§ 1280 to 1294.2) in 1961, the judgment confirming the award is prevented from becoming final where a dispute arises concerning the same controversy and arbitration agreement. Section 1292.6 provides as follows: ''After a petition has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding.''

Defendant apparently equates the concept of ''continuing jurisdiction'' with that of ''pendency of action.'' These two concepts are not, in our opinion, the same in theory or application. Jurisdiction over a cause or parties after a final judgment is recognized in California by statutory and decisional law in exceptional and limited special situations, examples of which are: Express reservation in the judgment itself (*Gonzales* v. *International Assn. of Machinists*, 142 Cal.App.2d 207 [298 P.2d 92]; *Gonzales* v. *International Assn. of Machinists*, 213 Cal.App.2d 817, 819-820 [29 Cal.Rptr. 190]; *City of Pasadena* v. *City of Alhambra*, 33 Cal.2d 908, 936-937 [207 P.2d 17]); reservation provided by statute (Civ. Code, §§ 138-139 *re* custody, alimony and support [see *Reynolds* v. *Reynolds*, 21 Cal.2d 580, 584 [134 P.2d 251]; *Smith* v. *Smith*, 120 Cal. App.2d 474, 484 [261 P.2d 567]; *Lewis* v. *Lewis*, 49 Cal.2d 389, 396 [317 P.2d 987]]; Lab. Code, §§ 5803 and 5804 *re* workmen's compensation awards [see *Northern Redwood Lumber Co.* v. *Industrial Acc. Com.*, 44 Cal.App. 61, 62-63 [185 P. 991]; *Georgia Cas. Co.* v. *Industrial Acc. Com.*, 177 Cal. 289, 294 [170 P. 625]; *Benton* v. *Industrial Acc. Com.*, 74 Cal.App. 411, 414 [240 P. 1021]]; Welf. & Inst. Code, §§ 775 and 778 *re* modification of previous orders [see *In re Corey*, 230 Cal. App.2d 813, 831-832 [41 Cal.Rptr. 379]]); and guardianship proceedings, where even after the initial proceedings for appointment of guardian have become final, the probate court has continuing jurisdiction to supervise the acts of a guardian until his final discharge (see *Browne* v. *Superior Court*, 16 Cal.2d 593 [107 P.2d 1, 131 A.L.R. 276]; *Guardianship of Reynolds*, 60 Cal.App.2d 669, 677 [141 P.2d 498]).

Although some of the cases describe the original action or proceeding as ''continuing'' (*Smith* v. *Smith, supra*, p. 484) after the final judgment or decree, it is clear from an analysis of these cases, and the other cases herein cited, that jurisdiction is reserved generally for the purpose of meeting future problems, changed conditions or circumstances, or to consider new facts occurring since the making of the judgment

or award. In such situations the plea of another action pending is not applicable. (See *Lord* v. *Garland, supra,* 27 Cal.2d 840, 849.)

The subject statute (§ 1292.6) is clearly another instance of statutory reservation of jurisdiction. It specifically provides that the court in which the original petition for confirmation of the award is filed "retains jurisdiction to determine any *subsequent* petition involving the same agreement to arbitrate and the same controversy. . . ." (Italics added.) We think it is analogous to Labor Code section 5803 which gives the Industrial Accident Commission "continuing jurisdiction" over its orders, decisions, and awards. The cases construing the meaning of "continuing jurisdiction" in workmen's compensation cases have held that such jurisdiction is limited to cases where the application is based upon new facts arising since the making of the original award. (*Georgia Cas. Co.* v. *Industrial Acc. Com., supra,* p. 294; *Northern Redwood Lumber Co.* v. *Industrial Acc. Com., supra,* pp. 62-63; *Benton* v. *Industrial Acc. Com., supra,* p. 414.)

In order that a second action be abated because of the pendency of a prior action, it is elementary that the issues in the two actions be substantially the same. (*Lord* v. *Garland, supra,* p. 848; *Trickey* v. *City of Long Beach,* 101 Cal.App.2d 871, 881 [226 P.2d 694].) "In determining this question, the test applied is whether a final judgment in the first action could be pleaded in bar as a former adjudication." (*Trickey* v. *City of Long Beach, supra,* p. 881; *Lord* v. *Garland, supra,* p. 848; *San Martin* v. *Superior Court,* 169 Cal.App.2d 14, 16 [336 P.2d 618]; *Hagan* v. *Fairfield, supra,* 194 Cal.App.2d 240, 246.) In *Lord* we find this pertinent language: "And the rule of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, or more correctly speaking, at the time the issues in the first action were made, and to the legal rights and relations of the parties as fixed by the facts determined by that judgment. When other facts or conditions intervene before the second suit, furnishing a new basis for the claims and defenses of the respective parties, the issues are no longer the same and the former judgment cannot be pleaded in bar of the second action." (P. 849.) We also find therein an announcement of the principle that when it appears in the complaint in the later litigation that the prior suit does not involve the entire cause of action presented by such complaint, the plea of abatement should be raised by answer rather than by demurrer.

▆▆▆ Applying the foregoing principles to the complaint in the instant case, it appears that the issues in the proceeding leading to the judgment confirming the arbitrator's award are not the same as those in the instant case, and that the judgment rendered in the prior case could not be pleaded in bar as a former adjudication. The prior judgment confirming the award ordered that plaintiff be restored to his position; that he be permitted to practice his profession; and that he be paid the salary provided for in his contract of employment. The present action seeks damages other than loss of wages resulting from RKO's breach of its obligations under said judgment. None of the matters now sued upon were adjudged in the action brought to confirm the arbitrator's award since it is apparent that the matters complained of in the present action consist of facts or conditions which have intervened since the prior adjudication. Since these facts or conditions furnish a new basis for the claim which is the subject of the instant action the issues are no longer the same and the former judgment cannot be pleaded in bar of the present action.

### Jurisdiction

The remaining ground of demurrer considered by the court was that "This Court does not have jurisdiction to adjudicate this action in this proceeding." The ground listed in section 430 is "That the court has no jurisdiction of the person of the defendant, or the subject of the action; . . ." It is not contended by RKO that the court below did not have jurisdiction of the person of plaintiff or the subject matter of the complaint. Its claim of lack of jurisdiction is predicated upon the provisions of section 1292.6, the contention being that the instant action should have been brought pursuant to a petition filed in the arbitration proceeding, i.e., action No. 522575.

▆▆▆ We are satisfied that the instant action involves "the same agreement to arbitrate and the same controversy" which was the subject of proceeding No. 522575. Accordingly, the court below, in which such proceeding was had, retained jurisdiction to determine any subsequent petition involving such agreement and controversy. Although the present complaint should have been filed in proceeding No. 522575, pursuant to the provisions of section 1292.6, the filing of an independent action did not deprive the court below of jurisdiction because proceeding No. 522575 and the present action were brought in the *same* court, and the subject matter of each is within the jurisdiction of that court. (See *Hagan* v. *Fairfield, supra,*

p. 247; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 288-291 [109 P.2d 942, 132 A.L.R. 715]; 1 Witkin, Cal. Procedure, § 195, pp. 461-462.) ▮ As said in Witkin, ''the problem is not one of jurisdiction but of pleading and trial practice.'' Accordingly, the irregularity in the instant case is not a jurisdictional defect, but one of procedure which could be cured by consolidating the instant action with the arbitration proceeding previously filed. (§ 1048; see *Daly* v. *White,* 100 Cal.App.2d 22, 25 [222 P.2d 950]; 1 Witkin, Cal. Procedure, *supra.*)

It should be here pointed out that the trial of an action for additional damages in the same proceeding in which a judgment for damages was previously awarded is not without precedent in this state. In *Gonzales* v. *International Assn. of Machinists, supra,* 213 Cal.App.2d 817, the trial court, in a mandate proceeding, ordered the plaintiff restored to union membership and awarded him damages for loss of wages and for physical and mental pain, suffering and humiliation because of the defendants' conduct. In its judgment the trial court reserved jurisdiction to award additional damages until such time as the judgment and peremptory writ was fully obeyed by the defendants. After the case was agitated on appeal and the judgment was affirmed, the plaintiff moved for additional damages by way of a supplemental complaint in the same action. The defendants asked for a jury trial resulting in a judgment for damages which gave rise to an appeal. The appellate court held that preservation of jurisdiction by the trial court and the procedure invoked was proper.

We conclude, therefore, that the complaint before us is good against the grounds that the complaint does not state facts sufficient to constitute a cause of action; that the court does not have jurisdiction; and that there is another action pending between the same parties for the same cause of action. While defendant also filed a special demurrer on other grounds specified, the trial court did not rule thereon. We do not decide that the complaint was not subject to such grounds of special demurrer. Among these grounds are those asserting that the complaint is ambiguous, unintelligible and uncertain. Accordingly, the trial court may, in its discretion, require the clarification of the complaint with respect to these infirmities alleged to exist therein. (*Weinstock* v. *Eissler,* 224 Cal.App.2d 212, 237 [36 Cal.Rptr. 537]; *Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97, 104 [114 P.2d 1].)

The judgment is reversed with directions to the trial court to overrule the general demurrer and the special demurrers on the grounds of lack of jurisdiction and another action pending, and to rule on the points presented by the other special demurrer. Plaintiff shall recover costs on appeal.

Sullivan, P. J., and Bray, J.*, concurred.

A petition for a rehearing was denied February 24, 1965, and respondent's petition for a hearing by the Supreme Court was denied March 31, 1965.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.