145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Aaron HAYS, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Sherman Block, as an individual and
in his official capacity as Sheriff of Los Angeles County;
William Waller, as an individual and in his official
capacity as a Chief for the Los Angeles County Sheriff's
Department; Charles Padias, as an individual and in his
official capacity as a Captain for the Los Angeles County
Sheriff's Department; John Scott, as an individual and in
his official capacity as a Lieutenant for the Los Angeles
County Sheriff's Department; Kendall Fowler, as an
individual and in his official capacity as a Sergeant for
the Los Angeles County Sheriff's Department Defendants-Appellees.
 No. 97-55006.
DC No. CV-95-06250-ER (ANx).
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1998.
Decided May 27, 1998.
 
 Appeal from the United States District Court for the Central District of California Edward Rafeedie, District Judge, Presiding.
 Before CANBY, NOONAN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Aaron Hays ("Hays") appeals the district court's grant of summary judgment in favor of defendants. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 In November of 1987, Hays injured his back while on duty as a lieutenant in the Los Angeles County Sheriff's Department, and as a result of this injury, he was on leave of absence status for the next eleven months. In May of 1989, Hays was demoted for violating the Sheriff Department's policy requiring employees on leave of absence as a result of work-related injuries to remain at their residences from 8:30 a.m. to 5 p.m. each weekday ("the policy"). Hays contested his demotion before the Los Angeles County Civil Service Commission, which reduced his discipline to ten days suspension. Hays became subject to the policy again several times after experiencing further back pain and additional periods of disability. In September of 1995, Hays initiated this § 1983 suit against the county of Los Angeles and several Sheriff's Department employees alleging that the application of the policy violates Hays's constitutional rights. Defendants moved for summary judgment on the grounds that Hays's action was barred by principles of collateral estoppel and res judicata. On November 6, 1996, the district court granted the motion for summary judgment on res judicata grounds.
 
 ANALYSIS
 
 4
 Decisions of state administrative agencies and tribunals are given preclusive effect in federal courts where the decisions would be binding on state courts under state law and the agency proceedings meet the fairness requirements articulated by the Supreme Court in United States v. Utah Construction & Mining Co., 384 U.S. 394, 421, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33, 1038 (9th Cir.1994). Under California law, res judicata bars a plaintiff from bringing a second lawsuit involving the same "primary right" which has already been litigated between the parties in a prior proceeding. Agarwal v. Johnson, 25 Cal.3d 932, 954, 160 Cal.Rptr. 141, 603 P.2d 58 (1979). When determining the primary right, the significant factor is the harm suffered. Id. at 954-55, 160 Cal.Rptr. 141, 603 P.2d 58. Decisions of state and county administrative tribunals are given preclusive effect, see, e.g., Swartzendruber v. County of San Diego, 3 Cal.App.4th 896, 903-05, 5 Cal.Rptr.2d 64 (1992), but the bar of res judicata does not apply to issues which the administrative body did not have jurisdiction to hear, Branson v. Sun-Diamond Growers of Cal., 24 Cal.App.4th 327, 344, 29 Cal.Rptr.2d 314 (1994), or where new facts or conditions intervene forming a new basis for a claim, Colvig v. RKO Gen., Inc., 232 Cal.App.2d 56, 73, 42 Cal.Rptr. 473 (1965).
 
 
 5
 In this case, both the Civil Service Commission proceedings and Hays's current suit involve the same primary right. In both suits, the harm suffered was Hays's subjection to the policy. The Commission had jurisdiction to hear his constitutional claims, see Swartzendruber, 3 Cal.App.4th at 908-09, 5 Cal.Rptr.2d 64, and Hays does not allege that subsequent applications of the policy raise new issues that were not apparent in 1989. The Los Angeles County Civil Service Rules, which governed Hays's proceeding before the Civil Service Commission, provided safeguards that met the fairness requirements of Utah Construction. See, e.g., Tarin v. County of Los Angeles, 123 F.3d 1259 (9th Cir.1997) (recognizing the preclusive effect of county Civil Service Commission decisions); Miller v. County of Santa Cruz, 39 F.3d 1030 (9th Cir.1994) (same). Hays's argument that the constitutional issues must have been actually litigated before the Civil Service Commission for res judicata to apply confuses the requirements of res judicata with collateral estoppel.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3