Dolores TARIN, Plaintiff–Appellant,

v.

COUNTY OF LOS ANGELES; Robert C. Gates, Irwin Silberman, Dr., Defendants–Appellees.

No. 96–55316.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1997.

Decided Aug. 27, 1997.

Laurence B. Labovitz, Los Angeles, CA, for Plaintiff–Appellant.

Calvin R. House, Gutierrez & Preciado, Pasadena, CA, for Defendants–Appellees.

Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges.

FLETCHER, Circuit Judge:

This is an employment discrimination action brought by appellant, Dolores Tarin, an employee of the County of Los Angeles ("County") against the County, the Director of Health Services Robert Gates, and Tarin's supervisor Dr. Irwin Silberman (collectively "Defendants").[1] Tarin alleges that Defendants unlawfully denied her a promotion in violation of state and federal law. She alleges: (1) employment discrimination based on her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended,* 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, and the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.;* (2) retaliation for filing administrative claims under the same three statutes; and (3) violation of veterans reemployment rights under the Veterans' Reemployment Rights Act ("VRRA"), 38 U.S.C. §§ 2021(b)(3) and 2024(b)(2), and Cal. Mil. & Vet.Code §§ 394–95. The district court granted summary judgment to Defendants on all claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, reverse in part and remand.

## I. FACTUAL BACKGROUND

Tarin, a Latina, is a registered nurse who has worked for the Los Angeles County Department of Health Services for eighteen years. She is also a Captain in the United States Army Reserve. In December 1990, she was recalled to active military status to serve in Desert Storm. Tarin spent several months working as a nurse at Fort Ord, California, and was released in July, 1991.

Immediately upon her reinstatement, Tarin took a three month leave of absence; County rules permit such leave for all persons returning from active military service. She returned to work on October 31, 1991. On November 21, 1991, Tarin applied for a promotion to the position as a "Program Specialist, Public Health Nurse." Tarin's supervisor, Janice Young, gave her a failing score of 60 out of a possible 100 on her

---

1. Gates and Silberman are sued in their individual capacities.

Appraisal of Promotability ("AP"). Of 22 applicants, she was the only one given a failing score.

Tarin appealed this score to the Los Angeles County Civil Service Commission ("CSC"), alleging that she was given a low AP score because of her supervisor's animus toward her on account of her absence for service in the military. The CSC, in framing the scope of the hearing, considered three specific issues: whether the AP was properly scored, whether Tarin's military service affected her AP score, and what her appropriate AP score should be. The CSC heard testimony that Young had made negative comments about Tarin being away on military service. Tarin also presented the testimony of Dr. Irwin Silberman, who is the Director of Family Health Programs and Tarin's supervisor. Silberman admitted that Tarin had written him a letter describing Young's attitude and expressing concerns that she might be judged unfairly. However, Silberman said that when he talked to Young, she disavowed any negative attitude toward Tarin.

In November 1993, the CSC hearing officer concluded that Tarin's AP was not properly scored and that her military service disadvantaged her in the AP scoring. The CSC determined that Young had given Tarin a poor score because of her military service and related leave, and found that Tarin was entitled to an AP score of 95. The CSC, in its written opinion, stated that giving Tarin a 60 on her AP "was just as preclusive as if she hadn't been allowed to apply in the first place, contrary to her entitlement under the law." However, the CSC did not order her promotion; it noted that the question of whether she should have been promoted was not one of the three the parties had agreed were before the CSC. But, the CSC also added that had it been called upon to decide that issue, "the circumstances of this case" "[do not] justify requiring a promotion."

In addition to her claims of military discrimination, Tarin also alleges that Defendants denied her training opportunities based on her race in violation of Title VII and FEHA, and that they retaliated against her for filing administrative complaints of discrimination. Specifically, she alleged that she: 1) was not allowed to telecommute in the same manner as her co-workers; 2) received unfavorable performance evaluations; 3) was denied the opportunity to re-interview for a promotion; and 4) was denied two promotional opportunities.

## II. STANDARD OF REVIEW

■ This court reviews de novo grants of summary judgment. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond pleadings and identify facts which show a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553; *Hopkins v. Andaya*, 958 F.2d 881, 885 (9th Cir. 1992) (per curiam).

## III. DISCUSSION

### A. Discrimination Based on Race

Tarin claims that she was discriminated against in that she was continuously denied job assignments and training opportunities which led to lower scores during the promotional examination process. She also alleges that the County promoted Clarice Pyles, Beverly Williams, and Sirocco Lopez–Kirk over her, even though they were less qualified than she was for the positions. Tarin attributes all these actions to racial animus.

■ In order to prove a prima facie case of discrimination under Title VII,[2] a plaintiff

---

**2.** California courts have determined that, because FEHA embodies the same anti-discrimination and public policy objectives as Title VII, the test for determining whether there is discrimina-

tion under Title VII applies to FEHA claims as well. *Clark v. Claremont University Center*, 6 Cal.App.4th 639, 8 Cal.Rptr.2d 151, 164 (1992).

may base her case on direct evidence of discriminatory intent, or on a presumption arising from the factors such as those set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).[3] *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994). Because Tarin has not provided any evidence of direct discriminatory intent toward minorities, we analyze her claim under *McDonnell Douglas.*

 Once a plaintiff proves a prima facie case under *McDonnell Douglas,* a presumption of discrimination is created which a defendant may overcome by articulating a legitimate non-discriminatory reason for its actions. *See Wallis,* 26 F.3d at 889; *see also Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–256, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1980) (explaining shifting burdens of production of evidence in cases involving violations of Title VII). In order to survive summary judgment, plaintiff must then show that defendant's reason was merely a pretext. *Wallis,* 26 F.3d at 889.

Assuming arguendo that Tarin made a prima facie showing of discrimination under *McDonnell Douglas*—i.e., she belongs to a protected minority, applied for the position of Program Specialist, was qualified for the promotion, and the County hired other candidates with comparable qualifications—she failed to show that the County's reasons for not promoting her were based on race.

 We accept that she was discriminated against, but the record supports the conclusion that such discrimination was based solely on her military service. The record is replete with her supervisor's indignation at her for applying for promotion immediately upon return from military service and permitted personal leave. Additionally, the department had minority employees and two of the three promotions Tarin challenges were

filled by minorities. There simply is nothing in the record to suggest animus on account of race. We therefore affirm the district court's dismissal of all claims of racial discrimination based on Title VII, 42 U.S.C. § 1981, and FEHA.

## B. Retaliation

Tarin alleges that Defendants took several courses of action in direct retaliation against her for filing administrative complaints. She alleged that she: 1) was not allowed to telecommute in the same manner as her co-workers; 2) received unfavorable performance ratings, 3) was denied the opportunity to re-interview for promotions, and 4) was denied two promotional opportunities.

 To establish a prima facie case of retaliation under Title VII, "[t]he plaintiff must show (1) that she was engaging in a protected activity, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between the protected activity and the adverse employment decision."[4] *E.E.O.C. v. Hacienda Hotel,* 881 F.2d 1504, 1514 (9th Cir.1989). Once the employee has established a prima facie case of retaliation, "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment decision." *Id.* If the employer is successful, "the plaintiff must then prove by a preponderance of the evidence that the proffered reasons are pretexts for retaliation or that a discriminatory reason more likely motivated the employer's action." *Id.*

 We agree with the district court that Tarin has not shown a causal connection between her protected activities and the filing of administrative complaints. The record reflects that Tarin was allowed to telecom-

---

**3.** To create a prima facie case of discrimination under *McDonnell Douglas,* a plaintiff must show that: 1) she belongs to a protected minority; 2) she applied for and was qualified for the position that she was denied; 3) she was rejected despite her qualifications; and 4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. In the context

of promotions, the fourth factor has been modified. *See Diaz v. AT & T,* 752 F.2d 1356, 1359–61 (9th Cir.1985) (plaintiff can establish prima facie case even though individual promoted instead of plaintiff is member of same protected class).

**4.** The requisites for proving an unlawful retaliation case under FEHA is the same as for Title VII. *Flait v. North American Watch Corporation,* 3 Cal.App.4th 467, 4 Cal.Rptr.2d 522, 528 (1992).

mute in the same manner as her co-workers and that the County had legitimate reasons for limiting telecommuting privileges among all of its workers. The only performance evaluation on which Tarin received an improperly low score-the 60 on her AP-was conducted before Tarin had made any administrative appeals; it thus cannot be the basis for her retaliation claim. Although Tarin had difficulty in setting up a reinterview date, there is no evidence that Defendants deliberately tried to avoid reinterviewing Tarin because of her administrative appeal. Finally, there is no evidence linking the County's decisions not to promote Tarin to her filing of the appeal.

Because Tarin points to nothing in the record, other than her own conclusory statements, to refute the County's explanations for its decisions, we affirm the district court's grant of summary judgment to defendants with respect to Tarin's claims of unlawful retaliation.

### C. Discrimination Based on Military Service

#### 1. Preclusive Effect of CSC Decision

Both sides argue that the decision of the Civil Service Commission ("CSC") should have a preclusive effect in the current litigation. Tarin argues that because the CSC found that she was improperly scored on account of her military service, this final ruling is conclusive as to the County's liability. The County, in contrast, argues that because the CSC did not grant Tarin a promotion as part of her remedy, she is precluded from seeking a promotion in this case. The district court ruled that the doctrine of collateral estoppel did not apply to the CSC's determination with respect to this action.

 We review de novo the district court's determination of the availability of res judicata or collateral estoppel. *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). Federal courts must give state court judgments the same preclusive effect that the judgment would receive in state court. *Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995). This rule extends to fact-finding by state administrative agencies. *Id.* If a state administra-

tive agency is acting in a judicial capacity, an unreviewed agency decision has the same preclusive effect as that accorded in the state's own courts. *See Univ. of Tennessee v. Elliott,* 478 U.S. 788, 796–99, 106 S.Ct. 3220, 3224–26, 92 L.Ed.2d 635 (1986); *Haphey v. Linn County,* 953 F.2d 549, 550 (9th Cir.1992).

 The findings of administrative agencies are given preclusive effect by California courts if: (1) the issue decided in the prior action is identical to the issue in the current action, (2) a final judgment on the merits was issued; and (3) the parties in the current action are the same or in privity with the parties in the prior action. *Eilrich v. Remas,* 839 F.2d 630, 633 (9th Cir.1988) (citing *People v. Sims,* 32 Cal.3d 468, 186 Cal. Rptr. 77, 651 P.2d 321 (1982)). The state administrative decision must also satisfy the requirements of fairness set out in *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Id.* These requirements are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have had an adequate opportunity to litigate. *Utah Constr.,* 384 U.S. at 422, 86 S.Ct. at 1560; *Miller,* 39 F.3d at 1033.

 The narrow ruling of the CSC has only a limited preclusive effect in this case. The CSC explicitly limited the scope of its inquiry to whether the County disadvantaged Tarin in the scoring of her AP because of her military service, and if so, what her correct score should be. Reflecting this narrow focus, the CSC stated the following conclusions:

Findings of Fact

The Following findings of fact are made herein:

1. Appellant's Appraisal of Promotability was not properly scored.

2. Appellant's military service disadvantaged her in the scoring of her Appraisal of Promotability.

Conclusions of Law

The following conclusions of law are made herein:

1. Appellant was discriminated against because of her military and related personal leave in the scoring of her Appraisal of Promotability in violation of Federal statute and County policy.
2. Appellant is entitled to a score of 95 on her Appraisal of Promotability.

Thus, the only issues which should be given preclusive effect are that Tarin was discriminated against on her AP score on the basis of her military service and that her proper score was 95. *See Miller,* 39 F.3d at 1033 (noting that preclusive effect should only be given to issues which agency resolved and which were properly before it).

## 2. Violation of the Veterans' Reemployment Rights Act

Tarin alleges that the defendants violated her rights as a veteran guaranteed under both federal law, 38 U.S.C. §§ 2021(b)(3) and 2024(b), and state law,[5] by denying her a promotion based in part on her military service. According to the VRRA:

[a]ny person [employed by a State, or political subdivision thereof] shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces.

38 U.S.C. § 2021(b)(3) (1988).[6]

Tarin provided direct evidence that, in violation of § 2021(b)(3), her military service was a motivating factor in the Defendants' decision not to promote her. The CSC held, and the Defendants now concede, that because of her military service Tarin received an improperly low score of 60 on her AP report. Because this report was used to generate a list of candidates for promotion, no reasonable jury could find that Tarin's military service was not a motivating factor in the Defendants' decision not to grant her a promotion. However, the Defendants argue that Tarin would not have received a promotion even had she been properly scored because the other candidates were more qualified.

When a plaintiff proves that a protected characteristic was a motivating factor in an adverse employment decision, the burden shifts to the employer to prove that it would have made the same decision in the absence of any illegal animus.[7] *Price Waterhouse v. Hopkins,* 490 U.S. 228, 258, 109 S.Ct. 1775, 1794, 104 L.Ed.2d 268 (1989); *Rattray v. City of National City,* 51 F.3d 793, 799 (9th Cir.1994), *cert. denied,* ── U.S. ──, 116 S.Ct. 80, 133 L.Ed.2d 39 (1995). If an employer can provide such proof by a preponderance of the evidence, it may limit the plaintiff's remedies. *See Lam v. Univ. of Hawai'i,* 40 F.3d 1551, 1564 n. 24 (9th Cir. 1994). An employer is found to have violated anti-discrimination laws once the plaintiff shows that a protected characteristic played a motivating part in the employment decision. *Washington v. Garrett,* 10 F.3d 1421, 1432 n. 15 (9th Cir.1993). However, the employer's proof that the same employment decision would have been made in the absence of the impermissible motive may limit the remedies available to the plaintiff. *Id.* Here, we find that Defendants have violated the VRRA by giving Tarin an improperly low score on her AP report. However, they may be able to limit the relief to which Tarin is entitled if they can prove, by a preponderance of the evidence, that they would have made the same decision not to promote Tarin regardless of her military service. The bur-

**5.** The language of the California statute, Cal. Mil. & Vet.Code § 394(a), (b), (f), and 395.1(b), (d), embodies the same principles as discussed in the context of the federal statute. The parties discuss only federal law.

**6.** 38 U.S.C. § 2021(b)(3) (1988) was recodified at 38 U.S.C. § 4301(b)(3) pursuant to Pub.L. No. 102–568, § 506(1992), and was amended and recodified again at 38 U.S.C. § 4311 in Pub.L. No. 103–353, § 2 (1994). The parties rely on the statute pre-amendment.

**7.** Title VII analysis has been extended to cases involving discrimination on the basis of other protected characteristics. *See, e.g., Gamble v. City of Escondido,* 104 F.3d 300, 305 (9th Cir. 1997) (applying *McDonnell Douglas /Burdine,* Title VII analysis to Fair Housing Act claim); *Schnidrig v. Columbia Machine, Inc.,* 80 F.3d 1406, 1409 (9th Cir.) (applying Title VII analysis to Age Discrimination in Employment Act), *cert. denied,* ── U.S. ──, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996); *Pignato v. American Trans Air, Inc.,* 14 F.3d 342, 346 (7th Cir.1994) (extending Title VII analysis to VRRA). Accordingly, we similarly apply Title VII analysis here.

den is theirs to prove, not the plaintiff's to disprove.

Defendants argue that they have provided such proof. They point out that Tarin lacked the requisite two years experience as an Assistant Specialist and, additionally, that those who were promoted were more qualified than Tarin. The district court granted Defendants summary judgment based on these arguments.[8]

■ Whether Tarin would have been promoted but for her military service is a question of fact, not appropriately resolved at the summary judgment stage. *See Sischo–Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1111 (9th Cir.1991) (noting that the question of an employer's intent to discriminate is "a pure question of fact") (quoting *Pullman–Standard v. Swint,* 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789–90, 72 L.Ed.2d 66 (1982)). Tarin provided evidence undermining the County's explanations for its decision not to promote her. The County allows employees to apply for positions if they are within six months of meeting the experience requirement.[9] Tarin was within six months of fulfilling the two year requirement when she applied for the job; hence, by its own rules, the County could consider her for promotion. Thus, the fact that Tarin did not have two years experience as an Assistant Specialist at the time she took her promotional exam is not dispositive of whether Defendants would have promoted her to the position of Program Specialist. The relative qualifications of Tarin and the promoted employees also is in dispute. Accordingly, the district court erred in granting Defendants summary judgment on Tarin's claims for relief under the VRRA and the accompanying state claim. We therefore remand to the district court for further proceedings with respect to Tarin's claims of military discrimination.

## IV. CONCLUSION

The district court correctly granted summary judgment to Defendants on all of Tarin's claims based on racial discrimination and unlawful retaliation. However, we reverse the grant of summary judgment on Tarin's claims based on military discrimination and remand for further proceedings consistent with this opinion. Costs are awarded to Appellant Tarin.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

8. Due to the parties' focus on *McKinney v. Missouri–Kansas–Texas Railroad Co.,* 357 U.S. 265, 271, 78 S.Ct. 1222, 1226, 2 L.Ed.2d 1305 (1958), the district court confused the issue of whether Tarin was entitled to a promotion as a matter of right, with whether she was discriminated against in applying for a promotion. *McKinney* involves a precursor to 38 U.S.C. § 2021(b)(2), not § 2021(b)(3), and is not relevant to this case. *See Batayola v. Mun. of Metro. Seattle,* 798 F.2d 355, 357 (9th Cir.1986).

9. Tarin's motion to supplement the record with a copy of the Information Sheet (AE–5) (explaining that employees may apply for positions *if* they are within six months of attaining the requisite experience for a position) is denied as unnecessary. The district court record already reflects that Tarin was allowed to apply for the position of Program Specialist under the dictates of 4(c) of the Information Sheet. *See* Defendants' Memorandum of Contentions of Fact and Law, Administrative Record 24, at 8.