Gary HALL, Plaintiff—Appellant,

v.

MEADOWOOD LIMITED PARTNER-SHIP; Sentinel Real Estate Corporation, Defendants—Appellees.

No. 99–17122.

D.C. No. CV–99–00084–HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided March 28, 2001.

Before REINHARDT, RYMER and FISHER, Circuit Judges.

MEMORANDUM *

Gary Hall appeals the district court's grant of summary judgment in favor of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Meadowood Limited Partnership on claims of disability discrimination, sexual harassment and retaliation under the Fair Housing Act, 42 U.S.C. § 3601, et seq. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* We affirm.

### A. *Disability Discrimination*

■ Hall alleges that his apartment manager, Shannon Herrera–Spaulding, discriminated against him because of his disability in violation of the Fair Housing Act. § 3604(c), (f)(2)(A). The FHA defines a "handicapped" person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who is "regarded as having such an impairment." 42 U.S.C. § 3602(h)(1),(3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

Hall has not presented any evidence that his neck injury rendered him disabled ("handicapped") under the FHA or that Herrera–Spaulding regarded him as disabled. Accordingly, he cannot establish a prima facie case of disability discrimination under the FHA and the district court properly granted summary judgment on this claim. Moreover, the question asked by Herrera–Spaulding while renting the apartment to Hall does not raise a genuine issue of material fact as to any preference, limitation or discrimination based on handicap under 42 U.S.C. § 3604.

### B. *Sexual Harassment*

■ Hall contends that Herrera–Spaulding's gender-based remarks and conduct constituted sexual harassment in violation of the FHA. In applying the FHA, we are guided by interpretations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Gamble v. City of Escondido,* 104 F.3d 300, 304 (9th Cir.1997). We determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening, or humiliating or a mere offensive utterance; and whether it unreasonably interferes with work performance" or, as here, a tenant's living conditions. *Kortan v. California Youth Authority,* 217 F.3d 1104, 1110 (9th Cir.2000). A review of the record establishes that the conduct at issue occurred only occasionally and was not severe, physically threatening or humiliating. While the conduct arguably may have been crude or inappropriate, it did not rise to the level of actionable sexual harassment. The district court properly granted summary judgment to Meadowood on Hall's claim of sexual harassment under the FHA.

### C. *Retaliation*

■ To make out a prima facie case of retaliation under the FHA, Hall must establish (1) that he engaged in a protected activity, (2) an adverse housing consequence casually linked to that activity and (3) resulting damage. *San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998). Once Hall has established a prima facie case of retaliation, the burden of production shifts to Meadowood to articulate some legitimate, nondiscriminatory reason for the adverse action. *Tarin v. County of Los Angeles,* 123 F.3d 1259, 1264 (9th Cir.1997). If

of this circuit except as may be provided by  Ninth Circuit Rule 36–3.

Meadowood is successful, in order to defeat summary judgment, Hall must create a triable issue of fact as to whether Meadowood's proffered rationales were mere pretexts for discrimination. *Id.*

■ Assuming that Hall established a prima facie case of retaliation, Meadowood has proffered a legitimate, nondiscriminatory reason for declining to offer Hall continued living arrangements, namely, his rude, disruptive behavior in the Meadowood complex and his documented "outbursts of anger" in the rental offices. Because Hall points to nothing in the record, other than his own conclusory statements, to refute Meadowood's explanations for its decisions, we affirm the district court's grant of summary judgment with respect to Hall's claim for unlawful retaliation.

AFFIRMED.