**Corrine DEJESUS, Plaintiff–Appellant,**

v.

**K–MART CORPORATION, dba Super Kmart # 4943, Defendant–Appellee.**

No. 00–15161.

D.C. No. CV–98–00582–ECR.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 12, 2001.

Submission Deferred Feb. 12, 2001.

Submitted Feb. 20, 2001.

Decided May 11, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

tion of his constitutional rights was not raised before the district court in defendants' motion

## MEMORANDUM *

### I

■ DeJesus presented evidence that, over the course of a four-month period, Weston flashed a sign at her saying "show me your tits," commented on her breasts, suggested they attend a party nude and insinuated that she should perform oral sex on him. This conduct is sufficiently severe to support a finding of hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

■ Because K–Mart's compliance with DeJesus's request to transfer her was part of its remedial effort and was not harm caused by the misuse of supervisory power, K–Mart did not engage in a tangible employment action. *See Burlington Indus. v. Ellerth,* 524 U.S. 742, 759–65, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). K–Mart may therefore avoid liability for Weston's conduct if (i) it acted reasonably to prevent and promptly correct harassing conduct, and (ii) DeJesus unreasonably failed to take advantage of preventive or corrective opportunities it provided. *See id.* at 765, 118 S.Ct. 2257.

■ K–Mart's policy against harassment was a reasonable step toward preventing harassment: It was well-disseminated and conspicuously posted throughout the workplace, and it provided a procedure for registering complaints that promised no retaliation. *Cf. Faragher v. City of Boca Raton,* 524 U.S. 775, 808, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (employer could not have exercised reasonable care to prevent supervisors' harassing conduct where, inter alia, it failed entirely to disseminate its anti-harassment policy or provide a reasonable complaint procedure).

■ Once DeJesus complained, K–Mart took prompt corrective action. It accepted the allegations against Weston as true, quickly convened a meeting between Weston and store management, and verbally admonished him that his job was in jeopardy. An oral rebuke may be an appropriate corrective measure in the first instance if, as here, the employer expresses strong disapproval, demands the unwelcome conduct cease, and threatens more severe disciplinary action in the event it does not. *See Star v. West,* 237 F.3d 1036, 1039 (9th Cir.2001). After K–Mart took this corrective measure, Weston's harassment of DeJesus ceased.

A factor in our determination is DeJesus's delay in reporting Weston's harassment until months after it first began. *See Faragher,* 524 U.S. at 807–08, 118 S.Ct. 2275 ("[A]n unreasonable failure to use any complaint procedure provided by the employer . . . will normally suffice to satisfy the employer's burden under the second element of the defense."); *see also Montero v. Agco Corp.,* 192 F.3d 856, 863 (9th Cir.1999).

### II

■ DeJesus is unable to establish a causal link between the fewer hours she received after her transfer and her complaint about Weston. She offers no evidence suggesting that those who had control over her hours were even aware of her complaint, and she admits to having no reason to believe the reduced work schedule was related to her complaint. Accordingly, she has failed to establish a prima facie case of retaliation. *See Tarin v.*

---

to dismiss, we do not consider it on appeal.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*County of Los Angeles,* 123 F.3d 1259, 1264 (9th Cir.1997).

AFFIRMED.

---

\* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.