**John MATTEO, Plaintiff–Appellant,**

v.

**UNITED STATES PIPE AND FOUNDRY COMPANY; International Union of Operating Engineers, Local 39, Defendants–Appellees.**

No. 00–16132.

D.C. No. CV–99–02209–CW.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

John Matteo appeals pro se the district court's summary judgment for defendants in his removed action alleging wrongful discharge, breach of contract, retaliation, infliction of emotional distress, and breach of duty of fair representation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Matteo contends that the Union breached its duty to properly investigate his grievance, that the stated reasons for his termination were pretext, and that the district court erred in ruling on his evidentiary objections. We review de novo the district court's grant of summary judgment. *Weiner v. San Diego,* 210 F.3d 1025, 1028 (9th Cir.2000).

Because Matteo failed to raise a triable issue that the union's conduct was arbitrary, discriminatory, or in bad faith in investigating his grievance, the district court properly granted summary judgment on his breach of duty of fair representation claim. *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Conkle v. Jeong,* 73 F.3d 909, 915–16 (9th Cir.1995).

Matteo also failed to demonstrate any triable issue of fact with respect to his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

retaliatory discharge claim, for which he has not made out a prima facie case. *See Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1017 (9th Cir.2000) (describing elements of the prima facie case for retaliation claims). Matteo has come forward with no evidence of a causal connection between his filing of an OSHA complaint and his termination. *See Clark County School District v. Breeden*, 532 U.S. 268, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (no causality where no indication employer knew of employee's protected activity and insufficient temporal proximity between presumed knowledge and adverse employment action). Because Matteo failed to establish a prima facie case of retaliation, the burden of production does not shift to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action, *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1264 (9th Cir. 1997), and we need not consider pretext.

We will consider issues raised in a brief that are not supported by argument only if failure to do so would result in manifest injustice. *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir.1987). None of the evidentiary objections raised by plaintiff before the district court, but not argued here, meet that standard.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.