Anselmo A. **CHAVEZ**, Plaintiff–Appellant,

v.

**THE BOEING COMPANY,**
Defendant–Appellee.

No. 00–16621.
D.C. No. CV–99–20707–SW.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

### MEMORANDUM **

Anselmo A. Chavez appeals pro se the district court's summary judgment in favor of the Boeing Company in his action claiming employment discrimination and retaliation under Title VII and the Age Discrimination in Employment Act, and intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary

judgment and may affirm on any ground supported by the record. *Olson v. Morris,* 188 F.3d 1083, 1085 (9th Cir.1999). We affirm.

■ Contrary to Chavez's contention, this court lacks jurisdiction over the district court's prefiling order and attorney's fees order, because Chavez's notice of appeal was premature and he failed to file a notice of appeal following these orders. *See Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1482–83 (9th Cir.1996).

■ Because Chavez's statistical evidence failed to raise a triable issue of pretext, *see Rose v. Wells Fargo & Co.,* 902 F.2d 1417, 1423–24 (9th Cir.1990), and because his conclusory statements are insufficient to refute defendant's explanations for its employment decisions, *see Tarin v. County of Los Angeles,* 123 F.3d 1259, 1265 (9th Cir.1997), the district court properly granted summary judgment on his discrimination claims and retaliation claim.

■ Because Chavez failed to establish extreme and outrageous conduct, the district court properly granted summary judgment on his claim of intentional infliction of emotional distress. *See Schneider v. TRW, Inc.,* 938 F.2d 986, 992–93 (9th Cir.1991).

■ The district properly exercised its discretion by denying Chavez's motion for additional discovery because he failed to show how additional discovery would preclude summary judgment. *See Maljack Productions, Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 887–88 (9th Cir. 1996).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.