Rhonda BECKWITH, Plaintiff–
Appellant,

v.

WAL–MART STORES, INC.,
Defendant–Appellee.

No. 99–17227.

D.C. No. CV–98–00278–MHP/PJH.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 12, 2001.

Submission Deferred Feb. 12, 2001.

Submitted Oct. 12, 2001.

Before ALARCÓN, KOZINSKI and
HAWKINS, Circuit Judges.

ORDER

MEMORANDUM *

1. Beckwith alleges only one incident that falls within the limitations period: her co-worker's throwing clothes on the floor and management's response. This is not sufficiently severe or pervasive to support a finding of hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Beckwith is barred from alleging hostile work environment based on Black's conduct, because it occurred more than one year prior to the date she filed her Department of Fair Employment and Housing complaint, and therefore falls outside FEHA's one-year statute of limitations. *See* Cal. Gov't Code § 12960 (2000). Black's conduct is not sufficiently related to the conduct falling within the limitations period so as to bring it within the scope of the continuing violation doctrine. *See Morgan v. Regents of Univ. of Cal.,* 88 Cal.App.4th 52, 105 Cal.Rptr.2d 652, 664 (Ct.App.2000).

2. We reject Beckwith's claim that Wal–Mart failed to prevent discrimination and harassment. Wal–Mart's conspicuously posted, well-disseminated policy against discrimination and harassment, training sessions on workplace discrimination and harassment, and "open door" policy were reasonable steps to prevent discrimination and harassment. *See* Cal. Gov't Code

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 12940(i) (West 2000); 2 Cal.Code Regs. § 7287.6(b)(3).

3. Beckwith did not establish a prima facie case of retaliation based on her 1995 complaints because she failed to establish a causal link between those complaints and Wal–Mart's log-keeping and scheduling practices.[2] *See Tarin v. County of Los Angeles,* 123 F.3d 1259, 1264 (9th Cir. 1997). Nor is Beckwith able to establish a prima facie case of retaliation based on her October 1996 FEHA complaint because Wal–Mart's failure to transfer her did not constitute an adverse act. *See id.* Beckwith had no right to a transfer, nor did she ever formally request one, so any denial of transfer did not alter the terms and conditions of her employment. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 875 (9th Cir.1998).

4. Beckwith's claim that the conditions of her employment were so bad that she had no choice but to resign fails because she was not working at Wal–Mart during the period she alleges the conditions would have caused a reasonable person to quit. Accordingly, her claim for constructive discharge fails. *See Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1465 (9th Cir. 1994).

5. Beckwith waived her claim for emotional distress because she cited no supporting authority in her briefs before us. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1992).

AFFIRMED.

---

**2.** While Beckwith's brief asserts that in retaliation for her 1995 complaints Wal–Mart gave her a "barely acceptable" evaluation, the record reveals that Beckwith was given a "meets expectations" evaluation.