**Terri EDWARDS, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General, Defendant–Appellee.**

**No. 00–56095.**
**D.C. No. CV–98–5785–E.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM***

Terri Edwards appeals the district court's summary judgment in favor of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

Postmaster General of the United States Postal Service in Edwards' action alleging employment discrimination based on disability, sex and retaliation, pursuant to the Rehabilitation Act, 29 U.S.C. §§ 791 and 794, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. We have jurisdiction pursuant to 28 U .S.C. § 1291. We review de novo the district court's summary judgment. *Lite–On Peripherals, Inc. v. Burlington Aire Express, Inc.,* 255 F.3d 1189, 1192 (9th Cir.2001). We affirm in part, and reverse and remand in part.

The district court properly granted summary judgment as to the disability discrimination claim under section 504 of the Rehabilitation Act of 1974, because Edwards failed to raise a genuine issue of material fact as to whether she suffered an adverse employment action because of her disability. *See Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1353 (9th Cir. 1996).

The district court properly granted summary judgment as to the Title VII claim for retaliation because Edwards failed to raise a genuine issue of material fact as to whether she suffered an adverse employment decision or that the defendants knew that she had filed an EEO complaint when they assigned Edwards the first detail. *See Tarin v. County of Los Angeles,* 123 F.3d 1259, 1264 (9th Cir.1997).

Edwards filed a formal EEO complaint on November 26, 1996, 15 days after she claims she received the final interview letter from her attorney. The EEO dismissed her complaint as untimely because the 15 day deadline is calculated from the date of receipt by the attorney, who allegedly received the letter four days earlier than Edwards. 29 C.F.R. § 1614.605(d). Because Edwards' late filing was not due to her failure to exercise due diligence in preserving her legal rights, the district court erred by holding that the claims in Edwards' second EEO complaint are barred for failure to exhaust administrative remedies. *See Scholar v. Pacific Bell,* 963 F.2d 264, 268 (9th Cir.1992). We therefore remand to the district court for proceedings on the merits of the claims raised in Edwards' second EEO complaint.

We do not reach Edwards' contention that Defendants negotiated in bad faith during mediation attempts before this Court.

Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

