Willie BROCK, Plaintiff–Appellant,

v.

LUCKY STORES, INC., Defendant–Appellee.

No. 00–15673.

D.C. No. CV–98–04758–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 16, 2001.

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Willie Brock ("Brock") appeals the district court's grant of summary judgment

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

for Lucky Stores ("Lucky") on each of Brock's claims arising from the termination of his employment by Lucky. Brock alleges that his employment conditions and termination evidenced unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 (" § 1981"), the Americans with Disabilities Act ("ADA"), California's Fair Housing and Employment Act ("FEHA"), and California's public policy. Brock also alleges that Lucky's employment actions amounted to intentional infliction of emotional distress, negligence, breach of contract, and retaliatory discharge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Lite–On Peripherals, Inc. v. Burlington Aire Express, Inc.*, 255 F.3d 1189, 1192 (9th Cir.2001). "[V]iewing the evidence in the light most favorable to the nonmoving party," this Court must determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir.2001).

## I

Brock was employed with Lucky as a delivery truck driver when he tested positive for cocaine in a random drug test. Lucky immediately discharged Brock but subsequently reinstated him under a return-to-work agreement ("Agreement"). This reinstatement agreement required Brock's strict attendance at various drug-addiction recovery meetings. Under the Agreement, Brock was also expected to obtain advance approval from his supervisor for any absences or tardies. When Brock's break time and a second random drug test conflicted with timely attendance at one of these scheduled meetings, and he made no effort to contact his supervisor to make alternative arrangements, Lucky terminated his employment for violation of

the Agreement. Brock and Lucky entered arbitration, and the arbitrator found just cause for Brock's termination. The arbitration award was confirmed by a federal district court without objection.

## II

■ All of Brock's discrimination claims can be analyzed together because the burdens of proof and persuasion are the same. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir.2001) (applying Title VII analysis to an ADA claim); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir.1996) (addressing FEHA and ADA claims similarly); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1264 (9th Cir.1997) (applying Title VII's analysis to a § 1981 claim). The familiar proof paradigm for discrimination claims first requires Brock to establish a prima facie case of discrimination. Once the prima facie case is established, the burden then shifts to Lucky to articulate a non-discriminatory reason for its employment decision. The presumption of discrimination then disappears, and Brock must demonstrate that the proffered reason is a pretext for a discriminatory motive. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890–91 (9th Cir.1994) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510–11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). Brock's evidence must be "specific" and "substantial" to create a triable issue of fact. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998). At all times, the ultimate burden of persuasion remains on Brock to show improper discrimination. *St. Mary's Honor Center*, 509 U.S. at 511, 113 S.Ct. 2742. Brock has failed to satisfy this burden.

■ Even assuming, *arguendo*, that Brock has established a prima facie case of race or disability discrimination, we find that Lucky has articulated a legitimate,

non-discriminatory reason for Brock's discharge, *viz,* violation of the Agreement. We agree with the District Court that Brock has failed to establish that Lucky's articulated reason was a pretext for race or disability discrimination.

Further, we reject Brock's assertion that the Agreement itself violated the ADA because it submitted Brock to employment conditions different from those of nondisabled employees. All return-to-work agreements, by their nature, impose employment conditions different from those of other employees. This Court and others have consistently found no disability discrimination in discharges pursuant to violations of such agreements. *See, e.g., Fuller v. Frank,* 916 F.2d 558 (9th Cir. 1990); *Mararri v. WCI Steel Inc.,* 130 F.3d 1180 (6th Cir.1997); *Lottinger v. Shell Oil Co.,* 143 F.Supp.2d 743 (S.D.Tex.2001); *Golson–El v. Runyon,* 812 F.Supp. 558 (E.D.Pa.1993). To find that Lucky cannot enforce its return-to-work agreement on its own terms would render all such agreements a nullity. *See McKey v. Occidental Chem. Corp.,* 956 F.Supp. 1313, 1319 (S.D.Tex.1997) ("The Return to Work Agreement itself was a reasonable attempt to accommodate the Plaintiff's alleged disability. . . . The court will not discourage the use of such Agreements by rendering their terms meaningless.").

### III

Turning to Brock's remaining state law claims (negligence, intentional infliction of emotional distress, retaliatory discharge, and breach of contract), we find them barred by the doctrine of collateral estoppel. To the extent that Brock challenges his return-to-work agreement, he is precluded by the prior arbitration.

Summary judgment is proper when the application of collateral estoppel refutes any triable issues of fact. *Kelly v. Vons Cos. Inc.,* 67 Cal.App.4th 1329, 1335, 79 Cal.Rptr.2d 763 (1998). In California, collateral estoppel bars the relitigation of issues in state common law actions when, as here, prior labor arbitration of a "judicial character" has already decided the same issues. *Id.* at 1336–37, 1338–39, 79 Cal.Rptr.2d 763.

The arbitration resolving Brock's grievance against Lucky determined that Lucky had just cause for terminating Brock under the Agreement. Specifically, the arbitrator found that Brock violated the Agreement in several ways: (1) by taking a coffee break at the end of his workday that would cause him to be late to his recovery meeting; (2) by failing to contact his supervisor to inform him of either this anticipated tardiness or of the conflict that later arose when Brock was requested to submit to a random drug test; and (3) by failing to attend any portion of the recovery meeting, however late he might have been. These findings have preclusive effect; Brock cannot survive summary judgment on his state common law claims involving them. Even if these state law claims were not precluded, Brock has failed to establish triable issues of fact concerning them.

Summary judgment for Lucky is proper on each of Brock's claims.

AFFIRMED.