**Cornelius DESPANIE, Plaintiff—
Appellant,**

v.

**William J. HENDERSON, Postmaster
General, U.S. Postal Service; John E.
Potter, United States Postmaster General, Defendants—Appellees.**

No. 00–16647.

D.C. No. CV–99–02493–MMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided March 20, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Cornelius Despanie ("Despanie") sued the Postmaster General of the United States, William J. Henderson, and his employer, the United States Postal Service (collectively the "USPS"), for alleged Title VII violations. Despanie appeals the summary judgment in favor of the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to explain our decision.

## I. The Letter of Warning

■ Despanie contends that he was subject to disparate treatment when USPS manager Jesse Plenos issued him a Letter of Warning ("the Letter") for mishandling the overnight mail dispatch. There is no evidence that the issuance of the Letter was motivated by improper discriminatory animus. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Indeed, his counsel conceded at oral argument that Despanie's race (black) is the only evidence of racial discrimination. Mere assertions that an employer had discriminatory intent do not raise a genuine issue of material fact as to discriminatory intent. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983).

■ Nor can Despanie offer evidence that he was subjected to an adverse employment action. *See Chuang v. University of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir.2000). Despanie argues that an adverse employment action need not be an ultimate employment decision so long as it discourages employees from making a complaint. Assuming Despanie's position to be correct, we can discover no basis in the record for concluding that the issuance of the Letter would be "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir.2000). Although Despanie was allegedly upset by the Letter, this evidence alone does not demonstrate how other employees will be deterred from engaging in any protected activity. Despanie himself filed a complaint with USPS and succeeded in getting the Letter withdrawn.

## II. Denial of sick leave pay

■ Despanie contends that USPS retaliated against him after he filed complaints with the internal grievance office, but presents no evidence that he was subjected to an adverse employment action after engaging in a protected activity. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1264 (9th Cir.1997). Consistent with postal policies, USPS manager Gus Fama denied the request because he did not know that Despanie had already submitted adequate documentation. When the medical files arrived, USPS approved the request and sent Despanie the entire amount to which he was entitled. Under the circumstances, the initial denial of sick leave pay is not an adverse employment action.

## III. Scheduling change

■ Despanie argues that USPS retaliated against him by changing his work

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

schedule, but offers no evidence that the personnel who changed his work schedule were aware of his EEO counseling, or that the schedule change was related to any other alleged violations. At any rate, Despanie waived his right to bring an action based on the scheduling change because he did not timely contact an EEO counselor as required by federal regulations. *Leorna v. United States Dep't of State,* 105 F.3d 548, 550 (9th Cir.1997).

Despanie urges this Court to excuse his late filing because the scheduling change, along with other incidences of alleged retaliation, constitutes a continuing violation of his rights. Despanie never raised this argument until his reply brief, and we decline to consider it for the first time on appeal. *Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985).

IV. Merit increase and bonus payment

■ Despanie argues that USPS discriminated and retaliated against him when it denied him merit pay and sent only a part of his group incentive bonus. The district court did not consider these claims on the merits because Despanie moved to include them in his complaint at the conclusion of discovery and after USPS had moved for summary judgment. The untimely request to amend was properly denied without prejudice, and the point is moot on this appeal because Despanie has refiled the claims in another action.

AFFIRMED.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.