Cornelius DESPANIE, Plaintiff—
Appellant,

v.

William J. HENDERSON; U.S. Postal
Service, Defendants—Appellees.

No. 01–15581.

D.C. No. CV–00–03028–CRB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2002.*

Decided May 1, 2002.

Before GOODWIN, REINHARDT and
FERNANDEZ, Circuit Judges.

MEMORANDUM **

This is the second appeal arising out of
claims filed by Cornelius Despanie against
his employer, the United States Postal
Service and its chief executive ("USPS").
On the first appeal, Despanie contended
that, in violation of Title VII, USPS (1)
discriminated against him by issuing him a
letter of warning for mishandling an over-
night mail dispatch, and (2) retaliated
against him after he filed complaints by
issuing the letter of warning, denying him
sick leave pay, and changing his work
schedule. The district court granted sum-
mary judgment in favor of USPS and we
affirmed in a memorandum disposition.
See Despanie v. Henderson, No. 00–16647,

32 Fed.Appx. 390, 2002 WL 464019 (9th
Cir. Mar.20, 2002).

On this second appeal, Despanie con-
tends that USPS discriminated and retali-
ated against him in violation of Title VII
and the Americans with Disabilities Act
("ADA"), 42 U.S.C. § 12101, by denying
him a full Economic Value Added ("EVA")
payment and a merit bonus for the 1998
fiscal year. Despanie also re-asserts the
claims of discrimination and retaliation
that we decided on his first appeal and
further alleges that the identical acts at
issue there violated the ADA. Finally, he
contends that the district court erred when
it rejected his request for additional time
to conduct discovery under Federal Rule
of Civil Procedure 56(f).

We hold that both Despanie's Title VII
and ADA claims regarding the issuance of
the letter of warning, the denial of sick
leave pay, and the change in work sched-
ule are barred by the doctrine of res judi-
cata. See In re Imperial Corp. of Amer-
ica, 92 F.3d 1503, 1506 (9th Cir.1996)
(holding that a claim is precluded by res
judicata when there is an earlier decision
that (1) involved the same claim as the
present suit, (2) involved the same parties
or their privies, and (3) resulted in a final
judgment on the merits); see also id. (stat-
ing that res judicata is properly invoked
when "substantially the same evidence is
presented in two actions" and the two suits
arise out of the same "transactional nucle-
us of facts").

With respect to Despanie's claims that
USPS discriminated and retaliated against
him with respect to the EVA and bonus
payments, we reject those claims on the
merits. Despanie was awarded a forty

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

percent EVA payment even though he worked a total of forty hours over the course of the entire 1998 fiscal year, and he points to no evidence in the record that the denial of the additional EVA payment and the merit bonus was motivated by improper discriminatory animus or was in retaliation for his complaints.

Finally, we hold that the district court's denial of Despanie's request for a continuance under Federal Rule of Civil Procedure 56(f) was proper. Despanie had ample time to conduct discovery for this case.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.